ORIGINAL

MICHAEL W. DOTTS, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiff Antonio S. Camacho

F I L E D
Clerk
District Court

DEC - 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, MARIANAS PUBLIC LANDS AUTHORITY, successor to the Marianas Public Lands Corporation, and DEPARTMENT OF PUBLIC WORKS,<br><br>Defendants. | CIVIL CASE NO. 05-<br>CV 05  0043<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL |

Plaintiff Antonio S. Camacho, by and through counsel, submits this Complaint and hereby alleges, as follows:

### I.

### INTRODUCTION

1.  This case arises out of the taking of private property without just compensation in violation of Plaintiff's civil rights protected under the United States and Commonwealth Constitutions. Plaintiff owns property in Gualo Rai, Saipan. The Commonwealth of the

Northern Mariana Islands built a road through Gualo, Rai, commonly referred to as the "Gualo Rai Loop." This road crossed the Plaintiff's property and despite repeated promises that Plaintiff would be compensated for the taking of his land, it has become clear that the Defendants will not willingly compensate Plaintiff for the land that they took.

## II.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over the various state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court under 28 U.S.C. §1391(a). Defendants are residents of and/or are present in the Commonwealth of the Northern Mariana Islands ("CNMI"). Additionally the facts giving rise to this lawsuit occurred within this District.

## III.

## PARTIES

4.  Plaintiff Antonio S. Camacho ("Mr. Camacho") is a citizen of the United States and currently a resident of Seattle, Washington. He is a former resident of the Commonwealth and still owns real property in Gualo Rai, Saipan.

5.  Defendant Commonwealth of the Northern Mariana Islands ("the Commonwealth") is the government of the area formerly known as the Mariana Islands District of the Trust Territory of the Pacific Islands as established under the Commonwealth's Constitution.

6. Defendant Marianas Public Land Authority ("MPLA") is the successor organization to the Marianas Public Land Corporation, an agency of the Commonwealth government charged with the management and disposition of public lands.

7. Defendant Department of Public Works ("DPW") is the governmental agency of the Commonwealth of the Northern Mariana Islands charged with *inter alia* the construction and maintenance of all public roads within the Commonwealth of the Northern Mariana Islands.

## IV.

## FACTUAL ALLEGATIONS

8. In 1994, DPW, at the direction and/or on behalf of the Commonwealth undertook to pave and widen the road known as Gualo Rai Loop, located in Gualo Rai, Saipan ("the road"). Pursuant to this plan, a 50-foot easement was recorded on a "Severance Map" and filed with DPW. This easement constituted a taking of the property over which it was imposed.

9. Mr. Camacho owned 1,065 square meters of the property that was so taken.

10. Subsequently, the CNMI Legislature enacted Public Law 13-17 called the "Land Compensation Claims Act" in order to compensate landowners (like Mr. Camacho) who had not been paid for land taken by the Commonwealth for public use.

11. Pursuant to the Land Compensation Act, Mr. Camacho applied for certification that his property had been taken and requested compensation from MPLA.

12. On December 22, 2003, MPLA determined that Mr. Camacho was owed compensation for his land and, on behalf of the Commonwealth, made an offer to Mr. Camacho pursuant to the Land Compensation Act.

13. Due to the insufficiency of the amount of this offer, the use of the incorrect date of taking and the application of an interest rate far below that which was proper, Mr. Camacho, through counsel, rejected this offer on February 20, 2004. In his rejection of this offer, Mr. Camacho requested an administrative review.

14. An administrative hearing was held before the Administrative Hearing Office of MPLA on May 13, 2004 and that office entered a decision on September 13, 2004. Neither Mr. Camacho, nor MPLA, were satisfied with this decision and both parties appealed to the Board of Directors of MPLA. The appeals were taken in accordance with the Land Compensation Act.

15. Mr. Camacho's appeal was filed with MPLA on September 28, 2004.

16. Despite numerous requests for a response, and the expiration of over one year, MPLA has issued no decision regarding this appeal.

17. At all times relevant to this suit, Defendants were acting under color of the laws of the Commonwealth of the Northern Mariana Islands. Additionally, the actions of Defendants were willful and purposeful in nature.

## V.

## FIRST CAUSE OF ACTION

### (violation of constitutionally protected rights)

18. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 17 above.

19. The Defendants' actions individually, and/or in concert, constitute a taking of real property without just compensation violative of both the 5th Amendment of the United States Constitution and Article 1, Section 5 of the Constitution of the Commonwealth of the Northern Mariana Islands. Specifically, at the direction and/or on behalf of the Commonwealth, DPW "took" the property in question, and MPLA's actions, again, at the direction and/or on behalf of the Commonwealth prevent Mr. Camacho for receiving just compensation.

20. The Defendants acted individually, and/or in concert as described herein, in reckless disregard as to the civil rights of Mr. Camacho by establishing and/or implementing policies and/or procedures that resulted in the taking of his real property without just compensation in violation of both the 5th Amendment of the United States Constitution and Article 1, Section 5 of the Constitution of the Commonwealth of the Northern Mariana Islands.

21. The conduct of Defendants, as described herein, resulted the taking of property without just compensation in violation of both the 5th Amendment of the United States Constitution and Article 1, Section 5 of the Constitution of the Commonwealth of the Northern Mariana Islands and therefore deprived him of his right to due process under the Fourteenth Amendment of the United States Constitution.

22. The conduct of Defendants, as described herein, resulted in financial and emotional damage to Mr. Camacho, entitling him to damages including punitive damages and attorneys' fees in an amount to be proven at trial.

## VI.

## SECOND CAUSE OF ACTION

**(common-law conversion)**

23. Plaintiff repeats and realleges, and incorporates herein by reference, paragraphs 1 through 17 above.

24. Defendants' actions as described herein, have completely deprived Mr. Camacho of the use and enjoyment of his real property.

25. Defendants have not adequately compensated Mr. Camacho for the aforementioned real property.

26. In so doing, Defendants have caused Mr. Camacho emotional and financial damages in amounts to be proven at trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

i.  For general, consequential and compensatory damages in amounts to be proven at trial.

ii. For punitive damages in an amount to be proven at trial.

iii. For prejudgment interest as allowed by law.

iv. For attorney fees and costs of suit.

v. For such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues so triable.

Dated: December 5, 2005.

                O'CONNOR BERMAN DOTTS & BANES
                Attorneys for Plaintiff Antonio S. Camacho

By: _____
           Michael W. Dotts
           F0150