ORIGINAL

F I L E D
Clerk
District Court

JAN - 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Benjamin L. DeMoux (F0328)
Assistant Attorney General
Office of the Attorney General-Civil Division
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 664-2341
Fax: 664-2349
bendemoux@gmail.com
Attorney for the Commonwealth of the Northern Mariana Islands and Department of Public Works

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO CAMACHO,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, MARIANAS PUBLIC LANDS AUTHORITY, successor to the Marianas Public Lands Corp., and DEPARMENT OF PUBLIC WORKS<br><br>　　　Defendants. | CIVIL ACTION NO. 05-0038 43<br><br>ANSWER |

　　　The Commonwealth of the Northern Mariana Islands and the CNMI Department of Public Works (together referred to as "DPW"), by and through their attorney, submit the following response to Plaintiff's Complaint.

1.　　　DPW admits the allegation in Paragraph 1 that property in Gualo Rai, Saipan was taken for construction of the "Gualo Rai Loop," but it lacks sufficient information to form a belief as to the rest of the allegations in contained in Paragraph 1 and so denies these allegations.

2. DPW admits the allegations contained in Paragraph 2.

3. DPW admits the allegations contained in Paragraph 3.

4. DPW admits that Plaintiff is a U.S. citizen but lacks sufficient information to form a belief as to Plaintiff's current residence or current property ownership.

5. DPW admits the allegations contained in Paragraph 5.

6. DPW admits the allegations contained in Paragraph 6.

7. DPW admits the allegations contained in Paragraph 7.

8. DPW admits the allegation in Paragraph 8 that it paved and widened the road known as the Gualo Rai Loop in 1995, but lacks sufficient information to form a belief as to the truth of the other allegations in this paragraph and so denies these allegations.

9. DPW lacks sufficient information to form a belief as to the allegations contained in Paragraph 9 and so denies these allegations

10. DPW admits the allegation contained in Paragraph 10 that the CNMI legislature enacted Public Law 13-17 to compensate landowners for land taken for public use, but it lacks sufficient information to form a belief as to the allegation that plaintiff is such a person and so denies this allegation. All other allegations in paragraph 10 are denied.

11. DPW is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 through 16 as they concern only defendant Marianas Publics Lands Authority.

12. Paragraph 17 states a legal conclusion; to the extent that any answer is needed it is denied.

13. Paragraph 18 requires no response; to the extent that any answer is needed it is denied.

14. Paragraph 19 states a legal conclusion; to the extent that any answer is needed it is denied.

15. Paragraph 20 states a legal conclusion; to the extent that any answer is needed it is denied.

16. Paragraph 21 states a legal conclusion; to the extent that any answer is needed it is denied.

17. DPW denies the allegations contained in Paragraph 22.

18. Paragraph 23 requires no response; to the extent that any answer is needed it is denied.

19. Paragraph 24 states a legal conclusion; to the extent that any answer is needed it is denied.

20. Paragraph 25 states a legal conclusion; to the extent that any answer is needed it is denied.

21. DPW denies the allegations contained in Paragraph 26.

AFFIRMATIVE DEFENSES

1. Failure to exhaust administrative remedies

2. Title to the property is unclear

3. Laches

4. Statute of Frauds

5. Attorney's fees are not available for all causes of action alleged by Plaintiff.

6. Pre-judgment interest is not available for all causes of action alleged by Plaintiff.

7. Punitive damages are not available for all causes of action alleged by Plaintiff.

**PRAYER FOR RELIEF**

Wherefore, DPW requests the following relief:

(a) That Plaintiff takes nothing by reason the complaint;

(b) That the Court dismiss the Complaint with prejudice;

(c) That the Court grant DPW costs and attorneys fees;

(d) For such other and further relief as the Court deems just and equitable.

1 | Date: January 5, 2006

Respectfully submitted,
OFFICE OF THE ATTORNEY GENERAL

By: /s/ Benjamin L. DeMoux
Benjamin L. DeMoux
Assistant Attorney General