MICHAEL W. DOTTS, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

*Attorneys for Plaintiff Antonio S. Camacho*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, DEPARTMENT OF PUBLIC LANDS, successor to the Marianas Public Lands Authority, and DEPARTMENT OF PUBLIC WORKS,<br><br>Defendants. | CIVIL CASE NO. 05-0043<br><br>[PROPOSED] FINAL PRETRIAL ORDER |

Plaintiff Antonio S. Camacho, by and through counsel, pursuant to Local Rule 16.2CJ.e.9, hereby submits his proposed Final Pre-trial Order, as follows:

a.  Firm trial date:   December 4, 2006 at 9:00 a.m.

b.  Stipulated and uncontroverted facts:

1.  Antonio S. Camacho, the Plaintiff in this case, owns in fee simple, Lot 1877 located on the road commonly known as Gualo Rai Loop, in Gualo Rai, Saipan.

1

2. A roadway passes through Plaintiff's land. The total area covered by the roadway is 1,065 square meters.

3. The roadway was initially built by the United States Navy. The Navy built the road sometime in the 1950s. Defendants assert that this was a taking. Plaintiff asserts that the use was permissive. The area covered by the road that the Navy built was smaller than the area covered now. The area that was covered by the road that the Navy built was 487.5 square meters.

4. In 1994, the Commonwealth widened and paved the road. The area covered in 1994 increased by 577.5 square meters to the total area now covered. The total area now covered is 1,065 square meters.

5. The Plaintiff has not been compensated for the taking of his property for the construction of a road. However, on December 22, 2003, MPLA offered Plaintiff $76,324.78 for the taking of his property. Plaintiff rejected this offer and initiated an appeal before MPLA. No final decision was reached on Plaintiff's appeal. On December 5, 2005, Plaintiff filed this action.

c. List of issues to be tried:

1. The value(s) of the area(s) taken as of the date(s) of taking; and

2. The proper amount to compensate the Plaintiff for the taking that occurred.

d. Disclosure of all witnesses:

    1. Plaintiff's witnesses shall include:

        a. Antonio S. Camacho

        b. Julita S. Camacho

        c. Roger Slater

        d. Vicente M. Sablan

        e. Lilio B. Tiples

        f. Juan Castro

        g. Jesus Sablan

    2. Defendants' witnesses shall include:

        a. Mitchell K. Aaron

e. Listing and exchange of copies of all exhibits:

The parties shall exchange their exhibits and file a list of exhibits with the Court by November 22, 2006. The parties shall have until November 29, 2006, to file objections to the exhibit lists submitted. The failure to state an objection to an exhibit by November 29, 2006, shall act as a waiver of objections to its admissibility into evidence at trial.

f. Pretrial rulings, where possible, on objections to evidence:

Not applicable at this time.

3

g.  Disposition of all outstanding motions:

There are presently no outstanding motions.

h.  Elimination of unnecessary or redundant proof, including limitations on expert witnesses:

Not applicable.

i.  Itemized statements of all damages by all parties:

1.  Plaintiff is claiming that he is entitled to general, consequential, compensatory, punitive, and prejudgment interest. He seeks up to a base value of from $42,000 to $117,150 for the property taken. He seeks interest in a range from 6% to 24%. The total award that Plaintiff seeks is according to a range, based on the base value selected, the interest rate applied, and when interest begins to accrue. The range is from $159,068.61 to $1,088,145.56. Plaintiff will argue that the jury should return a verdict at the high end of the range.

2.  Defendants do not claim damages.

j.  Bifurcation of the trial:

There is no need to bifurcate the trial.

k.  Limits on the length of the trial:

4

The parties shall have one week to present this matter unless otherwise ordered.

l.  Jury selection issues:

No out of the ordinary jury selection issues are presented by this case.

m.  Any issue that in the judge's opinion may facilitate and expedite the trial, for example, the feasibility of presenting testimony by a summary written statements:

Not applicable.

n.  The date when proposed jury instructions shall be submitted to the court and opposing counsel, which, unless otherwise ordered, shall be the first date of the trial:

The parties shall exchange jury instructions by November 30, 2006.

IT IS SO ORDERED,

Date: _____.

_____
Judge Alex Munson

K:\1000\1600-01 Camacho\PL\draft\Pretrial Order-061120-jom.doc

6