**MICHAEL W. DOTTS, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Antonio S. Camacho*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **ANTONIO S. CAMACHO** ) | **CIVIL CASE NO. 05-0043** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **MEMORANDUM IN SUPPORT** |
| **COMMONWEALTH OF THE** ) | **OF MOTION IN LIMINE** |
| **NORTHERN MARIANA ISLANDS,** ) | |
| **DEPARTMENT OF PUBLIC LANDS,** ) | |
| **successor to the Marianas Public Lands** ) | |
| **Authority, and DEPARTMENT OF** ) | |
| **PUBLIC WORKS,** ) | |
| ) | |
| **Defendants.** ) | |

**I.**

**INTRODUCTION**

The Plaintiff learned on Monday, November 27, 2006, that the Defendants intended to call the Administrative Hearing Officer who presided at a hearing held by the Marianas Public Lands Authority ("MPLA"), as a witness in the this case, next week.  It is understood that the evidence that the Defendants hope to elicit from the Hearing Officer is that at a pre-hearing conference, at the administrative level, the Plaintiff stipulated to two different times of taking. Further, the Defendants are expected to attempt to introduce the Administrative Decision itself, that includes part of the colloquy from that pre-hearing conference. The Defendants may also seek to introduce a tape or transcript of the conference if they have one.  This evidence should be excluded for the following reasons:

1.    The Administrative Decision was appealed.  It is not a final and binding decision on the parties.

2.    Plaintiff discovered at the administrative level that after some discovery of evidence that had been in the hands of the agency, the stipulation was not supported by the record and he argued that the stipulation was not binding.  The Hearing Officer ruled against the Plaintiff and that issue was part of what was appealed.

3.    What Defendants are possibly seeking to do through introduction of the stipulation is argue an affirmative defense of judicial estoppel.  However, Defendants did not plead that affirmative defense as required by Rule 8(c) of the Fed. R. Civ. P.

4.    The Defendants have also indicated that they mean to use the stipulation of counsel, as substantive evidence of when the taking occurred.  Counsel had no personal knowledge of when the taking occurred. The stipulation was offered, at the time, for litigation purposes.

## II.

## ARGUMENT

**A.    The Decision of the Administrative Hearing is not Binding**

This Court should exclude from evidence the Administrative Decision and any reference to the substantive terms and findings of the decision of the Administrative Hearing Officer as it is not final and binding decision.  It is generally recognized that the findings of an administrative agency become "final and binding" only when the time for appeal has passed without a party pursuing its right of appeal. *Case v. Bridgestone/Firestone, Inc.* 51 F.3d 279 (Table), 1995 WL 110132 C.A.9 (Ariz.), 1995; citing *Guertin v. Pinal County*, 875 P.2d 843, 845 (Ariz.Ct.App.1994); *Pierce v. Sommer*, 308 N.E.2d 748, 749 (Ohio 1974).  Thus, where an appeal *has* been filed, the administrative decision is not final and binding, and any issues determined by the agency should not be given preclusive effect.  *Case v. Bridgestone/Firestone, Inc.*, 51 F.3d 279 (Table), 1995 WL 110132 C.A.9 (Ariz.), 1995.

In the case at bar, an appeal from the Administrative Decision was filed. The appeal challenged the Decision in part because it relied on the stipulation despite the evidence that had been subsequently discovered.  The appeal languished with MPLA for more than a year, and

then the agency was dissolved.  The Plaintiff was unable to have his appeal decided and the Administrative Decision should be excluded from the evidence presented at this trial.

**B.     The Prejudicial Effect of Hearing Officer Dela Cruz's Testimony Outweighs Any Possible Probative Value**

The purpose for the Defendants calling Hearing Officer Ramon S. Dela Cruz is to introduce into evidence a portion of the Administrative Decision or the pre-hearing conference. The likely prejudicial effect of this testimony is clear.  This testimony will be based on the witness' role as Adjudicator in the Administrative Hearing.  As discussed above, any evidence from that hearing is inadmissible, as it did not result in a final adjudication and the Plaintiff did not have his appeal decided.  The probative value of this proposed testimony is zero.  Its only purpose can be to unfairly prejudice the Plaintiff.  Such a purpose is impermissible under Rule 403 of the Federal Rules of Evidence.  This "balancing test" is illustrated in *U.S. v. Saenz*, 179 F.3d 686, 690 (C.A.9 (Ariz.), 1999), where the Appeals Court held; "The district court did not abuse its discretion in concluding that the danger of unfair prejudice or confusion of the issues substantially outweighed the probative value of this evidence. *See United States v. Spencer,* 1 F.3d 742, 744 (9th Cir.1992) (giving district court's "wide latitude" when they balance the prejudicial effect of proffered evidence against its probative value)."

**C.     The Tape or Transcript of the Pre-hearing Conference is Irrelevant**

The tape or transcript of the Administrative Hearing or the pre-hearing conference should not be entered as evidence in this trial.  The Hearing was not binding on the parties as it is not a final disposition, see argument above.  To allow this into evidence is tantamount to giving credence to the decision of the Administrative Hearing.  The Plaintiff has not had opportunity to review the transcript and prepare its rebuttal.  This transcript was not included in

the discovery materials Defendant proffered to Plaintiff.   The transcript should therefore be deemed inadmissible.

**D.     The Defendants Failed to Plead Estoppel as an Affirmative Defense**

Asserting that the stipulation made at the administrative level is binding on this action in Federal Court is essentially an argument for judicial estoppel. The Defendants failed to plead the affirmative defense of estoppel.  This bars them from raising the issue at this point in time. Federal Rule of Civil Procedure 8(c) lists, *inter alia*, estoppel as an affirmative defense that must be in the pleadings.   Further, the Ninth Circuit has held that "The doctrine of judicial estoppel prevents a party who has taken a certain position in a legal proceeding, and succeeded in maintaining that position, from taking a contrary position simply because his interests have changed."   *New Edge Network, Inc. v. F.C.C.*, 461 F.3d 1105, 1114 (C.A.9, 2006); see also *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

In the case at bar, the Plaintiff attempted to withdraw from a stipulation after the facts discovered made such a position untenable.  The Plaintiff was not successful in "maintaining that position", as is required.   The Plaintiff's current position is not a contrary one to his previous position.  It is what was argued to the Hearing Officer and after the Hearing Officer ruled against the Plaintiff, it is part of what was raised on appeal.  Nor did the Plaintiff prevail in one aspect of the litigation and is now using an argument counter to that to prevail in another.   See *Zedner v. U.S.*, 126 S.Ct. 1976, 1990 (U.S.,2006).   The Hearing Officer's decision to prevent Plaintiff from withdrawing from the stipulation was also part of the

Plaintiff's appeal, and not part of a final adjudication.  The Defendant should be barred from introducing any evidence as a means of furthering a position of judicial estoppel.

**E.      Counsel's Stipulation to a Fact in a Separate Proceeding is Not Substantive Evidence that the Fact is True**

Stipulations such as the one originally offered at the administrative hearing are often offered for litigation reasons, such as to expedite the resolution of a matter, and are not independent proof that the stipulated fact was true.  All a stipulation independently evidences, is that in a particular proceeding, a party was willing to concede a particular fact.  Here, counsel had no personal knowledge of when the road was built.  The stipulation was offered in the other proceeding for reasons applicable only to that proceeding. The stipulation is not proper evidence to admit in this action.

**III.**

**CONCLUSION**

It is well-established that it is within the discretion of the trial judge to exclude relevant evidence, if its prejudicial effect outweighs its probative value.  *See Federal Rules of Evidence 403*.  This is especially true in cases such as this, where the evidence is not relevant and is misleading.  Any potential probative value of the previous hearing is substantially outweighed by the danger of unfair prejudice, the confusion of the issues and the misleading of the fact finder.  The Administrative Hearing is not a binding decision, and has little to no probative value in this Court.  Calling the Hearing Officer as a witness is a way to introduce the contents of the Administrative Hearing, as well as the decision that was appealed.  The transcript of the

Hearing was never made available through discovery. The witness, the transcript and the ruling of the Administrative Hearing must be excluded from evidence in this trial.


Dated: November 29, 2006.

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiff Antonio S. Camacho



By: _____/s/_____
      Michael W.  Dotts (F0150)

K:\1000\1600-01 Camacho\PL\draft\Memo InLimine-061128-jom.doc