FILED
Clerk
District Court

DEC 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO, ) | Civil Action No. 05-0043 |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | ORDER GRANTING |
| COMMONWEALTH OF THE ) | PLAINTIFF'S MOTION |
| NORTHERN MARIANA ISLANDS, ) | IN LIMINE |
| et al., ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

THIS MATTER came before the court on Friday, December 1, 2006, for expedited hearing of plaintiff's motion in limine. Plaintiff appeared by and through his attorney, Michael W. Dotts; defendants appeared by and through their attorney, Commonwealth Deputy Attorney General Gregory Baka.

AO 72
(Rev. 08/82)

THE COURT, having considered the arguments of counsel, hereby grants plaintiff's motion in limine, for the following reasons.

The complaint in this matter was filed December 5, 2005. The complaint seeks relief for the taking of private property without just compensation. The jury trial is set to begin next Monday, December 4, 2006.

On or about November 27, 2006, plaintiffs learned that defendants intended to call as a witness the administrative hearings officer who had presided at a hearing held by the now-defunct Marianas Public Land Authority (MPLA), and to use portions of that proceeding during this trial. Plaintiff moved for an order preventing defendants from introducing at trial any evidence concerning the administrative decision, to prohibit the administrative hearings officer from testifying, and to forbid the use at trial of any recorded or written transcript of the administrative hearing. Due to the short time involved, defendants were not able to file a written response to plaintiff's motion, but did argue against it at the hearing.

This dispute over compensation for land taken by the Commonwealth has not followed a normal trajectory. After the administrative hearings officer issued his opinion that favored defendants, both parties appealed to the Marianas Public Land Authority, as was then the prescribed procedure. After fourteen months had passed without a decision from MPLA, MPLA was abolished and plaintiff, along with others no doubt, could no longer "exhaust his administrative remedies."

The court concludes that because the administrative decision was appealed but no appellate decision was ever rendered, it never became a "final" decision entitled to res judicata or estoppel effect. Also, plaintiff's failure to exhaust his administrative remedies was not due to any fault on his part; he tried to do so but had no vehicle for doing so in a timely fashion.

To the extent defendants seek to argue any theory of estoppel or res judicata, those defenses were never raised in their answers, as required by Fed.R.Civ.P. 8(c).

The administrative hearings officer was not identified as a witness until defendants' witness list was filed on November 27, 2006, and the information sought to be used was never disclosed during the discovery time period, which expired quite some time ago. Also, the court finds it very difficult to imagine a situation in which a hearings officer should be allowed to testify about anything which transpired before him while he was acting in his functional role as a judge.

To the extent that defendants raised an eleventh-hour challenge to the court's jurisdiction, the court notes that defendants conceded jurisdiction in their pleadings. Also, while it is certainly true that the issue of this court's jurisdiction can be raised at any time, the court finds that plaintiff's claim properly invokes the court's federal question jurisdiction.

Finally, the court would allow a properly authenticated transcript of the

administrative hearing to be used for impeachment purposes as to prior inconsistent statements, if it were first shown that the statements were made under oath.

For the foregoing reasons, plaintiff's motion in limine is granted.

DATED this 1st day of December, 2006.

_____
ALEX R. MUNSON
Judge