**MICHAEL W. DOTTS, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Antonio S. Camacho*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **ANTONIO S. CAMACHO** ) | **CIVIL CASE NO. 05-0043** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM IN SUPPORT OF** |
| ) | **PLAINTIFF'S PROPOSED JURY** |
| **COMMONWEALTH OF THE** ) | **INSTRUCTIONS AND PLAINTIFF'S** |
| **NORTHERN MARIANA ISLANDS,** ) | **PROPOSED JURY INSTRUCTIONS** |
| **DEPARTMENT OF PUBLIC LANDS,** ) | |
| **successor to the Marianas Public Lands** ) | |
| **Authority, and DEPARTMENT OF** ) | |
| **PUBLIC WORKS,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

COMES NOW the Plaintiff and submits herewith Plaintiff's Proposed Jury Instructions. This Memorandum will briefly summarize the basis for some of Plaintiff's case specific proposed instructions.

//

1

**A.      Initial Instruction – Marked 0.___**

These introductory comments are drafted to introduce the case, state what is not in dispute, and explain what the elements of the claim are. These Initial Instructions (pp. 1-3) have been reviewed by the Opposing Counsel and Plaintiff does not anticipate any objections.

**B.      Instructions Concerning Substantive Law – Marked 4.5.___**

The substantive instructions are at pp. 4-15.

**1.      Taking of Property**

The purpose of this instruction is to provide the jury with a basic definition of eminent domain and to explain that the government's taking is not the issue.  *See e..g. Burbank-Glendale-Pasadena Airport Authority v. Hensler*, 83 Cal.App. 4th 556, 561 (cal. App. 2 Dist. 2000) (defining eminent domain as an inherent attribute of the sovereign arising out of the Fifth Amendment).  Rather, this instruction purports to narrow the jury's attention to the claims of just compensation for the Plaintiff.  Further, this instruction provides the jury with a concise explanation of what decision they are to make concerning the issue of just compensation. *See e.g. People v. Ricciardi*, 144 P.2d 799 (Cal. 1943) (holding that valuation of property is a question for the jury).

*//*

2

**2.        Date of Value**

The date of value is one of the central issues in this case. And because it is a question of fact, it is the jury's duty to determine when that date occurred.  Therefore, the purpose of this instruction is to alert the jury of the fact that the date of taking is an issue for which they need to determine.  And that is from this date that just compensation is to be based on. *See e.g. United States v. Dow*, 357 U.S. 17 (1958).

**3.        Substantially Impaired**

This instruction is done to present to the jury with an understanding of when a taking actually occurs.  As defined in *United States v. General Motors Co*., a taking is when an owner is deprived of all or most of his interest in his property.  323 US 373, 379 (U.S. 1945). Because the date of the taking is disputed between the two parties, this instruction is to help the jury understand the level of action that must occur on one's property for it to be considered a taking.

**4.        Pre-Covenant Taking**

This instruction is added because of the unique issue in this case of the United States Navy having gravel covered a roadway on the property.  Pre-Covenant takings are to be valued as of the date of the Covenant.

**5.        Fair Market Value**

The fair market value of the property is the standard for which just compensation is to be based on.   The fair market value is what the owner could have gotten for his property if he

3

had freely sold it at the time. Therefore, this instruction directs the jury to what standard they are to compensate the owner of the property. And further this instruction ensures that the jury follows the requirements of looking towards only values that were freely made and an analysis of the different uses for the property. *See e.g. Klopping v. City of Whittier*, 8 Cal. 3d 39, 43. (Cal. 1972). Lastly, this instruction holds, the jury to compensating the owner for the highest value is property would receive from a reasonable transaction. *United States v. Benning*, 330 F.2d 527, 531 (9th Cir. 1964).


**6.    Highest and Best Use**

This instruction explains to the jury the factors that should be considered in coming to the conclusion of what the "fair market value" is. *See e.g. United States v. Navajo Nation*, 537 U.S. 488, 505 (US 2003) (holding that the "highest and best use" was the standard for determining "fair market value" which was to include advisable and practical uses of the land). In *Olson v. United States*, the court stated that the correct standard is "highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future." 292 US 246, 255 (U.S. 1934). This is held as the standard to ensure that the property is valued at the most advantageous use of one who has the ability to yield the greatest income from the property. *Boom Co. v. Patterson*, 98 U.S. 403 (U.S. 1878). Therefore, this instruction properly directs the jury to look at the different uses of the land and which one would profit the owner the most, in order to justly compensate him.


*//*

4

**7.      Other Value of the Parties**

This instruction is to ensure that the jury does not consider the subjective values that the property has to either party, whether it is the plaintiff's attachment to his property or the defendant's need of the property to accomplish their project.  Therefore, making certain that the jury only considers evidence concerning objective factors for finding the value of the property is the goal of this instruction.

**8.      Opinion of Witnesses as to Value**

This instruction is to ensure that the jury considers the different opinions and evidence concerning the value of the property carefully.

**9.      Comparable Sales**

This instruction aims to give the jury advice on determining whether other sales of property near the plaintiff's or of similar size of the plaintiff's should factor their decision. Further, it instructs them on the proper way to view this evidence from how the sale was made to the size of the property and when the sale occurred.

**10.      All Elements of Value**

A prudent business person is the correct standard for the jury to consider when examining the fair market value of the property.  This standard requires that the property is valued based on its "highest and best use."

//

5

**11.      Interest Rate**

As determined by the *Ninth Circuit in Schneider v. County of San Diego,* the issue of the applicable rate of interest is a question to be determined by the jury. 285 F.3d 784, 792 (9th Cir. 2002).  In *United States v. 100 Acres of Land*, the court echoed this belief stating that the rate of interest is a question of fact.  468 F.2d 1261, 1269 (9th Cir. 1972).  Further, in *Confederated Salish and Kootenai Tribes v. United States*, the court held that the rate of interest should be determined by the jury as to give both parties a chance to introduce evidence on the subject. 437 F.2d 458, 460 (U.S. Ct. CI 1971).

**12.      Determine Separately**

The jury should consider the issues of date of taking, and rate of interest separately from each other.  This is because there are different factors that are dependent on each. While the date of taking determines the just compensation for the owner's property being taken at that time, the rate of interest determines the just compensation for the defendant's delay in paying for owner's property.

**C.      Final Charge to Jury and Verdict Form – Marked as 6.____**

The Final Charge was drafted based on what appeared in a Treaties (Am.Jur. Pleadings and Practice). It is a standard charge. The Court may have its own preferred charge.

A Verdict Form follows. Plaintiff has endeavored to keep the verdict form simple.

**D.     Standard Instructions**


        The remainder of Plaintiff's proposed instructions are all Ninth Circuit form instructions for civil actions. Plaintiff has selected the instructions that seemed appropriate.


        Dated: December 1, 2006.

                                        Respectfully submitted,

                                        O'CONNOR BERMAN DOTTS & BANES
                                        Attorneys for Plaintiff Antonio S. Camacho



                                        By: _____/s/_____
                                                Michael W.  Dotts (F0150)

K:\1000\1600-01 Camacho\PL\draft\Memo Jury Instructions-061201-jom.doc