**INSTRUCTION NO. 0. ___**                              **Summary of Case**


This case involves the taking of Plaintiff's land by the Commonwealth, for the purpose of constructing a road.  You will be asked in this case to determine how much the Plaintiff should be compensated for the taking of his land.

**INSTRUCTION NO. 0. ___**                    **Stipulated Facts**

In this case, the parties have agreed to certain facts.  You must accept these facts to be true.  The following are the facts that the parties have agreed to:

1.     Plaintiff's property was taken for a public purpose.   That purpose was to build a road known as the Gualo Rai Loop.

2.     There was existing on the property a roadway prior to 1976. The parties disagree on whether this was legally a taking but, they do agree that a roadway did exist on the property prior to 1976.

3.     The road was widened in 1994.

4.     The Plaintiff has not been compensated for the taking of his land.

**INSTRUCTION NO. 0. ___**                    **Elements**


The law requires that certain facts be proven by a Plaintiff in order to prevail in this case.  These facts are referred to as "elements."  In this case, the elements that the Plaintiff must prove, and that you as jurors must determine, are the following:


1.    When his property was taken;


2.    The fair market value of his property at the time it was taken; and


3.    The proper interest rate to apply to compensate the Plaintiff for the delay in payment to him for the taking of his property.

**INSTRUCTION NO. 4.5. ___**                    **Taking of Property**


Under the United States and Commonwealth Constitutions, all private property is subject to the right of to be taken for a public use.  However, when the government takes property away from a private citizen for public use, that citizen must be paid just compensation.


As jurors, it will be your duty to determine the amount of just compensation to be paid by the defendant, the Commonwealth of the Northern Mariana Islands, to the Plaintiff, Antonio S. Camacho.

**INSTRUCTION NO. 4.5. ___**                    **Date of Value**

The just compensation to which the property owner is entitled is the fair market value of the property being taken, plus interest.

You must determine such just compensation based on the date the taking occurred.

If you find that the Plaintiff's interest was substantially impaired in 1994, and that this therefore is the date of the taking, then you must determine just compensation based on the 1994 date.

However, should you determine that the Plaintiff's interest was substantially impaired prior to this date, then you shall find just compensation to be based on that date.

If you find that some of Plaintiff's interests were substantially impaired prior to 1994 and some of Plaintiff's interests were substantially impaired in 1994, then you should determine the just compensation based on the different values of the land at the different times of the taking.

**INSTRUCTION NO. 4.5. ___**                    **Substantially Impaired**


Substantially Impairment is defined as preventing the property owner from enjoying his property such that is deprived of all or most of his interest in the land. When there is a substantial impairment then there has been a taking.

**INSTRUCTION NO. 4.5. _____**                    **Pre-Covenant Taking**

If you find that some of the Plaintiff's property interests were substantially impaired prior to the effective date of the Covenant, you must value that interest as of the date the Covenant became effective. That date being March 24, 1976.

**INSTRUCTION NO. 4.5. ___**                    **Fair Market Value**


Fair market value is the highest price for the property that a willing buyer would have paid in cash to a willing seller, assuming that:


1.      There is no pressure on either one to buy or sell; and

2.      The buyer and seller know all the uses and purposes for which the property is reasonably capable of being used.

**INSTRUCTION NO. 4.5. ___**                    **Highest and Best Use**

The fair market value of the property to be taken must be based upon factors affecting market value including the highest and best use for which the property is geographically and economically adaptable. The term, "highest and best use," means the most profitable use.

In this connection, the highest and best use is a factor to be considered to the extent that the prospect of such use affects the market value of the land.

**INSTRUCTION NO. 4.5. ___**                                **Value to the Parties**


You should not consider any personal value of the property to Antonio S. Camacho or his need for the property. Also, you should not consider the particular need of the Commonwealth for the property. These are not elements of fair market value.

**INSTRUCTION NO. 4.5. ___**          **Opinion of Witnesses as to Value**

You must determine the fair market value of the subject property, only from the opinions of the witnesses who have testified.

While owners and expert witnesses may express opinions on the issue of value, those opinions are worth no more than the reasons and factual data upon which they are based.

Evidence which has been received from witnesses of the reasons for their opinions of value, and all other evidence concerning the subject property and other properties, is to be considered only for the limited purpose of enabling you to understand and weigh the opinions of the witnesses regarding market value.

You must resolve any conflict in the testimony of the witnesses by weighing each opinion against the others, the reasons given for each opinion, the facts relied upon and the credibility and qualifications of each witness.

**INSTRUCTION NO. 4.5. ___**                    **Comparable Sales**


Witnesses who have expressed opinions of fair market value, have testified as to the prices and terms and circumstances of sales or contracts to sell and purchase properties which they consider as shedding light on the value of the Plaintiff's property.  Generally, the more similar one property is to another, the closer the value of the one may be expected to approach the value of the other.   Thus, in weighing the opinion of a witness as to the value of the subject property based on his reliance on sales on contracts to sell and purchase you should consider whether said sales or contracts to sell were freely made in good faith; how much should the sale price on terms be discounted to reflect its equivalent in cash;  how near the date the valuation is to the date of the sale; how the size of the other property compares to the size of the Plaintiff's property; how similar are their physical features, and the uses to which they are or may be put; how far away the other property is; and how similar are the neighborhoods in which the properties being compared are located.

**INSTRUCTION NO. 4.5. ___**                 **All Elements of Value**


In determining fair market value, you must consider all factors as would be considered by a prudent businessperson before purchasing the Plaintiff's property.

**INSTRUCTION NO. 4.5 ___**                    **Interest Rate**


To be included in the Plaintiff's just compensation is the value of the land at the date of taking and an amount based on an interest rate. Because the Commonwealth did not compensate the owner at the time of taking, the Plaintiff, Antonio Camacho is owed interest. It is your duty as the jury, to determine the proper rate of interest that will make the Plaintiff, Antonio Camacho whole again. This rate should be based on a reasonably prudent person investing funds so as to produce a reasonable return.

**INSTRUCTION NO. 4.5. \_\_\_**                    **Determine Separately**


You shall determine separately each of the following:


1.    The value of Plaintiff's land on the date of the taking.

2.    The rate of interest to be applied from the date of the taking to

the present.

**INSTRUCTION NO. 6. ___**                    **Court's Final Charge 6.___**

Ladies and Gentlemen of the Jury:

This case is submitted to you to decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging you responsibility on this jury, you will observe all the instructions that have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.      After you retire to the jury room, you will select your own foreperson.

2.      Your verdict must be unanimous. Once a verdict is reached by unanimous agreement, the foreperson shall sign the verdict for the entire jury.

3.      Do not let bias, prejudice, or sympathy play any part in your deliberation.

4.      In arriving at your verdict, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

5.    You will not decide an issue by lot or by drawing straws, or by other method of chance.  Do not return a quotient verdict. A quotient verdict means that the jurors agreed to abide by the result to be reached by adding together each juror's figures and dividing them by the number of jurors to get an average.  Do not do any trading on your answers; that is, one juror should not agree to a certain issue one way if others agree to another issue another way.

1
MICHAEL W. DOTTS, Esq.
O'Connor Berman Dotts & Banes
2
Second Floor, Nauru Building
P.O. Box 501969
3
Saipan, MP 96950
4
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
5

6
*Attorneys for Plaintiff Antonio S. Camacho*

7
**IN THE UNITED STATES DISTRICT COURT
FOR THE
8
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

9
**ANTONIO S. CAMACHO**                    )    **CIVIL CASE NO. 05-0043**
                                          )
10
            **Plaintiff,**                )
                                          )
11
       **vs.**                            )
                                          )
12
                                          )
**COMMONWEALTH OF THE**                    )    **VERDICT FORM**
13
**NORTHERN MARIANA ISLANDS,**             )
**DEPARTMENT OF PUBLIC LANDS,**           )
14
**successor to the Marianas Public Lands**)
**Authority, and DEPARTMENT OF**          )
15
**PUBLIC WORKS,**                         )
                                          )
16
                                          )
            **Defendants.**               )
17
_____)

18

19
       We the jury in the above entitled action, hereby unanimously agree that the amount of

20
compensation to be awarded to the Plaintiff for the taking of his land is

21
$_____.

22

23
       Attested to this _____ day of December, 2006.

24

25

26
                                        _____
                                                   Foreperson
27

28

Office of the Circuit Executive

# Ninth Circuit Model Civil Jury Instructions
## 1.1 DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

### Comment

See Instruction 3.1 (Duties of Jury to Find Facts and Follow Law) for an instruction at the end of the case.

**Document Download(s)**

| File type: | File(s) for download:<br>Click on the icon(s) below to start download. | Size of file(s): |
| --- | --- | --- |
| WordPerfect | 1.1 civil 2002.wpd | 2 KBytes |

# Ninth Circuit Model Civil Jury Instructions
### 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

# Ninth Circuit Model Civil Jury Instructions
## 1.4 WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or
by one of the witnesses.

### Comment

See Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

# Ninth Circuit Model Civil Jury Instructions
## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Comment

See Instruction 3.5 (Direct and Circumstantial Evidence) for an instruction at the end of case.

It may be helpful to include an illustrative example in the instruction:

> By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# Ninth Circuit Model Civil Jury Instructions
## 1.7 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### Comment

See Instruction 3.3 (What Is Not Evidence) for an instruction at the end of the case.

# Ninth Circuit Model Civil Jury Instructions
## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

### Comment

See Instruction 3.6 (Credibility of Witnesses) for an instruction at the end of the case.

# Ninth Circuit Model Civil Jury Instructions
## 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### Comment

An abbreviated instruction should be repeated before the first recess and as needed before other recesses. *See* Instruction 2.1 (Cautionary Instruction at First Recess).

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread. *See, e.g., United States v. Pino-Noriega,* 189 F.3d 1089, 1096 (9th Cir.) ("There is a reason that most judges continually admonish their juries during trials not to discuss the evidence or begin deliberations until told to do so, after all of the evidence, argument, and instruction on the law has been received."), *cert. denied,* 528 U.S.989 (1999).

# Ninth Circuit Model Civil Jury Instructions
## 1.10 NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

### Comment

The previous version of this instruction has been modified to delete the suggestion that readbacks are either unavailable or highly inconvenient. The practice of discouraging readbacks has been criticized in *United States v. Damsky*, 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984). *See also* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 5.1.F** (1998).

The court may wish to repeat this instruction in the instructions at the end of the trial.

# Ninth Circuit Model Civil Jury Instructions
## 1.11 TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes. *United States v. Baker*, 10 F.3d 1374, 1402 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994). *See also* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 3.4** (1998).

# Ninth Circuit Model Civil Jury Instructions
## 1.12 OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

# Ninth Circuit Model Civil Jury Instructions

## 1.13 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Comment

See Chapter 5 regarding instructions on burdens of proof. This instruction may not apply to cases based on state law.

# Ninth Circuit Model Civil Jury Instructions
## 1.15 QUESTIONS TO WITNESSES BY JURORS

### Comment

The committee recommends against encouraging jurors to ask questions. "Questions by jurors during trial should not be encouraged or solicited." **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures**, § 3.5 (1998) (citing *DeBenedetto v. Goodyear Tire & Rubber Co.,* 754 F.2d 512, 517 (4th Cir.1985)). "Juror questioning is a course fraught with peril for the trial court. No bright-line rule is adopted here, but the dangers in the practice are very considerable." *DeBenedetto*, 754 F.2d at 517.

However, if the court decides to give such an instruction, the following instruction may be used:

While it is not customary for a juror to ask a question of a witness, if you wish to do so, put the question in writing and hand it to the [marshal] [bailiff] [clerk] [law clerk].

The court and counsel will review your question. Do not be concerned if the question is not asked.

Do not discuss your question with anyone, including the [marshal] [bailiff] [clerk] [law clerk]. Remember that you are not to discuss the case with other jurors until it is submitted for your decision.

# Ninth Circuit Model Civil Jury Instructions
## 2.1 CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

# Ninth Circuit Model Civil Jury Instructions
## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# Ninth Circuit Model Civil Jury Instructions
## 2.4 STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

### Comment

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed. *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (1999).

# Ninth Circuit Model Civil Jury Instructions
## 2.5 JUDICIAL NOTICE

The court has decided to accept as proved the fact that [e.g., the city of San Francisco is north of the city of Los Angeles], even though no evidence has been introduced on the subject. You must accept this fact as true.

### Comment

An instruction regarding judicial notice should be given at the time notice is taken. In civil cases, Fed. R. Evid. 201(g) permits the judge to determine that a fact is sufficiently undisputed to be judicially noticed and requires that the jury be instructed that it is required to accept that fact. *But see United States v. Chapel,* 41 F.3d 1338, 1342 (9th Cir.1994) (in a criminal case, "the trial court must instruct 'the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.'") (citing Fed. R. Evid. 201(g)); **Ninth Circuit Model Criminal Jury Instruction** 2.5 (2000) (Judicial Notice).

# Ninth Circuit Model Civil Jury Instructions
## 3.1 DUTIES OF JURY TO FIND
## FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

### Comment

*See* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 4.3.B** and § 4.3.C (1998).

*See also* Fed. R. Civ. P. 51.

# Ninth Circuit Model Civil Jury Instructions
## 3.2 WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

### Comment

*See United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.) (material facts to which the parties voluntarily stipulate are to be treated as "conclusively established") (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir.1976)), *amended by* 180 F.3d 1091 (1999).

# Ninth Circuit Model Civil Jury Instructions
## 3.3 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, see Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and 2.11 (Impeachment by Conviction of Crime).

# Ninth Circuit Model Civil Jury Instructions
## 3.5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# Ninth Circuit Model Civil Jury Instructions
## 3.6 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# Ninth Circuit Model Civil Jury Instructions
## 3.7 OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from [a] person[s] who, because of education or experience, [is] [are] permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Comment

*See* Fed. R. Evid. 602, 701–05.

The committee recommends that this instruction be given only upon request. Since expert testimony is so common in modern jury trials, there is no good reason why it should be treated differently from other testimony.

# Ninth Circuit Model Civil Jury Instructions
## 3.9 CHARTS AND SUMMARIES
## NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## Comment

This instruction applies only where the charts and summaries are not received into evidence and are used for demonstrative purposes. *See United States v. Johnson*, 594 F.2d 1253, 1254–55 (9th Cir.), *cert. denied*, 444 U.S. 964 (1979). *See also* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures § 3.10** (1998).

# Ninth Circuit Model Civil Jury Instructions
## 3.10 CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

*See* Fed. R. Evid. 1006. *See also* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures § 3.10** (1998). This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

# Ninth Circuit Model Civil Jury Instructions
## 4.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# Ninth Circuit Model Civil Jury Instructions
## 4.2 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# Ninth Circuit Model Civil Jury Instructions
## 4.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# Ninth Circuit Model Civil Jury Instructions
## 4.4 RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

# Ninth Circuit Model Civil Jury Instructions
## 4.5 ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

*[Insert text of new instruction.]*

You will now retire to the jury room and continue your deliberations.

### Comment

Use this oral instruction for giving a jury instruction to a jury while it is deliberating. If the jury has a copy of the instructions, send the additional instruction to the jury room. All attorneys must be given an opportunity to be present. Unless the additional instruction is by consent of both parties, both sides must be given an opportunity to take exception or object to it. If this instruction is used, it should be made a part of the record. The judge and attorneys should make a full record of the proceedings.

*See* **Jury Committee of the Ninth Circuit, A Manual on Jury Trial Procedures, § 5.1.E** (1998 & Supp. 2000).

# Ninth Circuit Model Civil Jury Instructions
## 5.1 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.