**MICHAEL W. DOTTS, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Antonio S. Camacho*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ANTONIO S. CAMACHO** ) | CIVIL CASE NO. 05-0043 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | PLAINTIFF'S MEMORANDUM IN |
| ) | OPPOSITION TO DEFENDANTS' |
| **COMMONWEALTH OF THE** ) | RULE 408 OBJECTIONS |
| **NORTHERN MARIANA ISLANDS,** ) | |
| **DEPARTMENT OF PUBLIC LANDS,** ) | Date : December 4, 2006 |
| **successor to the Marianas Public Lands** ) | Time: 9:00 a.m. |
| **Authority, and DEPARTMENT OF** ) | |
| **PUBLIC WORKS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

Defendants have noted objections to Plaintiff's Exhibits "24" and "29" claiming they should be excluded under Rule 408, Fed.R.Civ.Evid. Rule 408 prevents from admission for certain purposes, offers of settlement. Plaintiff has added Exhibit "31" that was only produced after Plaintiff filed its Exhibit List that is of the same nature as Exhibits "24" and "29." However, Plaintiff is not seeking to have any offer of settlement admitted through the introduction of these exhibits. Instead, Plaintiff is attempting to establish as an admission of fact the values of the land contained in those Exhibits.

1

In each Exhibit, based upon "independent appraisals," MPLA offered to pay the full amount owing. Meaning there was no, as required by Rule 408, controversy as to amount. Therefore the amounts are admissions of fact not a dispute as to monies owed.

## ARGUMENT

Plaintiff wishes to use Exhibits "24," "29," and "31" as admissions of a party opponent as to what is the fair market value of land is in the general area of Plaintiff's land. As held by the Ninth Circuit:

> statements of facts made during negotiations are . . . admissible. This is especially true if "the party making the proposal apparently intended to make no concession but to exact all that he deemed himself entitled to". . . while facts assumed to be true for the purposes of compromise are ordinarily not competent as admissions against interest, a distinct admission of a fact will not be summarily excluded simply because it was made in connection with an effort to compromise.

*Factor v. C.I.R.*, 281 F.2d 100, 125-126 (9th Cir. 1960)(Court allowed as evidence statements of fact although the defendant claimed they were during settlement negotiations). *See also Montana Tonopali Mining Co. v. Dunlap*, 196 F. 612 (9th Cir. 1912)(resolution of board of director reciting that an officer had done certain services outside his official duties for which he was entitled to compensation was admissible as an admission of fact although made in connection with an offer to settle).

Here, in Exhibit "24" for example, MPLA asserted that an "official **independent** appraisal" determined that the taken land had "a fair market value of $89,000 as of July 14, 1994" (emphasis added). Defendant then offered the claimant exactly $89,000. Hence,

2

Defendant was **admitting** the subject land was worth $89,000 and it offered **the full value**. MPLA simply required the claimant to agree to the amount by signing. If MPLA had instead offered say $50,000, then the $50,000 offer would not be admissible.

Exhibits "29" and "31" are exactly the same, MPLA through an "independent appraisal" determined what the land was worth and offered to pay the claimant precisely those amounts. Nothing more, nothing less (except for interest).

The First Circuit found a similar offer to pay what a party admitted it owed admissible in *Hiram Ricker & Sons v. Students Intern Medicine Soc.*, 501 F.2d 550 (1st Cir. 1974). There a resort owner brought an action against the defendant for amounts due under a contract. The trial court admitted a piece of paper which showed defendant's calculations as to the amounts properly owed as well as the following testimony:

> [Defendant] passed me a yellow sheet of paper saying "this is what we owe you. If you agree and sign a release absolving us from any damages and all future bills, we will pay you."

*Id.* Defendant objected stating the paper and the testimony were inadmissible offers of settlement. The trial court overruled the objection and the jury returned a verdict in the plaintiff's favor and the defendant appealed.

The Court of Appeals held the trial court's ruling was correct as:

> there is a well-recognized exception regarding the admissions of fact as distinguished from hypothetical or provisional concessions conditioned upon settlement's completion.

*Id.* (citation and quotation marks omitted). The Court found that the yellow sheet of paper:

3

> represented the [defendant]'s unconditional assertion of what it thought it actually owed [plaintiff] based on the contract. It was not a hypothetical or conditional sum intended only to forestall the additional costs of litigation.

*Id.*

The Court went on to state that:

> The rule excluding offers of settlement is designed to encourage settlement negotiations after a controversy has actually arisen. It also prevents admissions of evidence that does not represent either party's true belief as to the facts. Neither policy would have been served by excluding [plaintiff's] testimony about the [defendant]'s final payment offer, or the yellow sheet.

Or as stated by the District Court of the Virgin Islands:

> key to the applicability of this rule [408] is the existence of a dispute regarding the validity or amount of the claim and some form of compromise as to that dispute. *See* [Fed.R.Evid. 408 advisory committee notes. While commencement of litigation is not necessary to bring such an offer of compromise within the rule, **there must nonetheless be shown to be an actual dispute or a difference of opinion regarding the validity or amount of the claim at the time the offer was made**.

*Carmichael v. Gov't. of Virgin Islands,* 2004 WL 3222756 (D.V.I. 2004)(emphasis added). *See also Cohn v. Petsmart, Inc.,* 281 F.3d 837 (9th Cir. 2002)(settlement letter admissible as evidence as it reflects the plaintiff's estimate of his value of the trademark for jurisdictional amount)*; United States v. Hooper,* 596 F.2d 219 (7th Cir. 1979)(payment of $1,010.00 was properly admitted as the money was not offered to settle a claim but was instead a payment in full; therefore it was not a compromise but an admission of asserted liability).

Here, Exhibits "24," "29" and "31" contain statements of what MPLA "thought it actually owed". It was "not a hypothetical or conditional sum intended only to forestall the additional costs of litigation". Nor would the exclusion of the evidence further the purposes of

4

Rule 408 because in both situations, there was no controversy as MPLA paid what it thought was owed.  The amounts also represent MPLA's true belief as to what it owed.

Therefore all three Exhibits should be admitted and as Defendants' objection under Rule 408 overruled.

Dated: December 2, 2006.

                                                Respectfully submitted,

                                                O'CONNOR BERMAN DOTTS & BANES
                                                Attorneys for Plaintiff Antonio S. Camacho


                                          By: _____/s/_____
                                                 Michael W. Dotts (F0150)

K:\1000\1600-01 Camacho\PL\draft\PocketBrief-061201-rcr.doc