**INSTRUCTION NO. 0.1**                              **Summary of Case**

This case involves the taking of Plaintiff's land by the Commonwealth, for the purpose of constructing a road. You will be asked in this case to determine how much the Plaintiff should be compensated for the taking of his land.

**INSTRUCTION NO. 0.2**                              Stipulated Facts

In this case, the parties have agreed to certain facts. You must accept these facts to be true. The following are the facts that the parties have agreed to:

1. Plaintiff's property was taken for a public purpose. That purpose was to build a road known as the Gualo Rai Loop.

2. There was existing on the property a roadway prior to 1976. The parties disagree on whether this was legally a taking but, they do agree that a roadway did exist on the property prior to 1976.

3. The road was widened in the early 1990s.

4. The Plaintiff has not been compensated for the taking of his land.

**INSTRUCTION NO. 0.3**                              **Elements**

The law requires that certain facts be proven by a Plaintiff in order to prevail in this case. These facts are referred to as "elements." In this case, the elements that the Plaintiff must prove, and that you as jurors must determine, are the following:

1. When his property was taken;

2. The fair market value of his property at the time it was taken; and

3. The proper interest rate to apply to compensate the Plaintiff for the delay in payment to him for the taking of his property.

**INSTRUCTION NO. 4.5.1**                                **Taking of Property**

Under the United States and Commonwealth Constitutions, all private property is subject to the right of to be taken for a public use.  However, when the government takes property away from a private citizen for public use, that citizen must be paid just compensation.

As jurors, it will be your duty to determine the amount of just compensation to be paid by the defendant, the Commonwealth of the Northern Mariana Islands, to the Plaintiff, Antonio S. Camacho.

**INSTRUCTION NO. 4.5.2**                                               **Date of Value**

The just compensation to which the property owner is entitled is the fair market value of the property being taken, plus interest.

You must determine such just compensation based on the date the taking occurred.

If you find that the Plaintiff's interest was substantially impaired in 1992 or 1994, and that this therefore is the date of the taking, then you must determine just compensation based on that date.

However, should you determine that the Plaintiff's interest was substantially impaired prior to this date, then you shall find just compensation to be based on that date.

If you find that some of Plaintiff's interests were substantially impaired prior to 1992 or 1994 and some of Plaintiff's interests were substantially impaired in 1992 or 1994, then you should determine the just compensation based on the different values of the land at the different times of the taking.

**INSTRUCTION NO. 4.5.3**                               **Substantially Impaired**

Substantially Impaired is defined as preventing the property owner from enjoying his property such that is deprived of all or most of his interest in the land. When there is a substantial impairment then there has been a taking.

**INSTRUCTION NO. 4.5.4**             **Pre-Covenant Taking**

If you find that some of Plaintiff's property interests were substantially impaired prior to the effective date of the Covenant, you must value that interest as of the date the Covenant became effective. That date being March 24, 1976.

**INSTRUCTION NO. 4.5.5**                                **Fair Market Value**

Fair market value is the highest price for the property that a willing buyer would have paid in cash to a willing seller, assuming that:

1. There is no pressure on either one to buy or sell; and

2. The buyer and seller know all the uses and purposes for which the property is reasonably capable of being used.

**INSTRUCTION NO. 4.5.6**                              **Highest and Best Use**

The fair market value of the property to be taken must be based upon factors affecting market value including the highest and best use for which the property is geographically and economically adaptable. The term, "highest and best use," means the most profitable use.

In this connection, the highest and best use is a factor to be considered to the extent that the prospect of such use affects the market value of the land.

**INSTRUCTION NO. 4.5.7**                                   **Value to the Parties**

You should not consider any personal value of the property to Antonio S. Camacho or his need for the property. Also, you should not consider the particular need of the Commonwealth for the property. These are not elements of fair market value.

**INSTRUCTION NO. 4.5.8**              **Opinion of Witnesses as to Value**

You must determine the fair market value of the subject property, only from the opinions of the witnesses who have testified and the evidence that has been admitted.

While owners and expert witnesses may express opinions on the issue of value, those opinions are worth no more than the reasons and factual data upon which they are based.

Evidence which has been received from witnesses of the reasons for their opinions of value, and all other evidence concerning the subject property and other properties, is to be considered only for the limited purpose of enabling you to understand and weigh the opinions of the witnesses regarding market value.

You must resolve any conflict in the testimony of the witnesses by weighing each opinion against the others, the reasons given for each opinion, the facts relied upon and the credibility and qualifications of each witness.

**INSTRUCTION NO. 4.5.9**                                **All Elements of Value**

In determining fair market value, you must consider all factors as would be considered by a prudent businessperson before purchasing the Plaintiff's property.

**INSTRUCTION NO. 4.5.10**                                **Interest Rate**


To be included in the Plaintiff's just compensation is the value of the land at the date of taking and an amount based on an interest rate. Because the Commonwealth did not compensate the owner at the time of taking, the Plaintiff, Antonio Camacho is owed interest.  It is your duty as the jury, to determine the proper rate of interest that will make the Plaintiff, Antonio Camacho whole again.

**INSTRUCTION NO. 4.5.11**                              **Determine Separately**

You shall determine separately each of the following:

1. The value of Plaintiff's land on the date of the taking.

2. The rate of interest to be applied from the date of the taking to the present.

**INSTRUCTION NO. 6.1**                    **Court's Final Charge 6.\_\_\_**

Ladies and Gentlemen of the Jury:

      This case is submitted to you to decide from the evidence you have heard in this trial.  You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge.  In discharging you responsibility on this jury, you will observe all the instructions that have previously been given you.  I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.    After you retire to the jury room, you will select your own foreperson.

2.    Your verdict must be unanimous. Once a verdict is reached by unanimous agreement, the foreperson shall sign the verdict for the entire jury.

3.    Do not let bias, prejudice, or sympathy play any part in your deliberation.

4.     In arriving at your verdict, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court.  In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

5.     You will not decide an issue by lot or by drawing straws, or by other method of chance.  Do not return a quotient verdict. A quotient verdict means that the jurors agreed to abide by the result to be reached by adding together each juror's figures and dividing them by the number of jurors to get an average.  Do not do any trading on your answers; that is, one juror should not agree to a certain issue one way if others agree to another issue another way.