F I L E D
Clerk
District Court

DEC - 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO | ) CIVIL CASE NO. 05-0043 |
| Plaintiff, | ) |
| vs. | ) |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, DEPARTMENT OF PUBLIC LANDS, successor to the Marianas Public Lands Authority, and DEPARTMENT OF PUBLIC WORKS, | ) JURY INSTRUCTIONS |
| Defendants. | ) |

Dated this _____ of December, 2006.


_____
JUDGE ALEX R.MUNSON

1

## _1_ DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## _2_ Summary of Case

This case involves the taking of Plaintiff's land by the Commonwealth, for the purpose of constructing a road.  You will be asked in this case to determine how much the Plaintiff should be compensated for the taking of his land.

## 3  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

## __4__ WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, said in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# 5 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## _6_ CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 7   EVIDENCE – EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reason for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all other evidence in the case.

## *8*   JURY TO BE GUIDED BY OFFICIAL
## ENGLISH TRANSLATION/INTERPRETATION

A language other than English has been used during this trial.

The evidence you are to consider is only that provided through the official court translator. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning of the non-English words.

## *9*  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## *10* Stipulated Facts

In this case, the parties have agreed to certain facts. You must accept these facts to be true. The following are the facts that the parties have agreed to:

1.    Plaintiff's property was taken for a public purpose. That purpose was to build a road known as the Gualo Rai Loop.

2.    There was existing on the property a roadway prior to 1976. The parties disagree on whether this was legally a taking but, they do agree that a roadway did exist on the property prior to 1976.

3.    The road was widened in the early 1990s.

4.    The Plaintiff has not been compensated for the taking of his land.

## _11_ Elements

The law requires that certain facts be proven by a Plaintiff in order to prevail in this case.  These facts are referred to as "elements."  In this case, the elements that the Plaintiff must prove, and that you as jurors must determine, are the following:

    1.      When his property was taken;

    2.      The fair market value of his property at the time it was taken; and

    3.      The proper interest rate to apply to compensate the Plaintiff for the delay in payment to him for the taking of his property.

## _12_ Taking of Property

Under the United States and Commonwealth Constitutions, all private property is subject to the right of to be taken for a public use. However, when the government takes property away from a private citizen for public use, that citizen must be paid just compensation.

As jurors, it will be your duty to determine the amount of just compensation to be paid by the defendant, the Commonwealth of the Northern Mariana Islands, to the Plaintiff, Antonio S. Camacho.

## _13_ Date of Value

The just compensation to which the property owner is entitled is the fair market value of the property being taken, plus interest.

You must determine such just compensation based on the date the taking occurred.

If you find that the Plaintiff's interest was substantially impaired in 1992 or 1994, and that this therefore is the date of the taking, then you must determine just compensation based on that date.

However, should you determine that the Plaintiff's interest was substantially impaired prior to this date, then you shall find just compensation to be based on that date.

If you find that some of Plaintiff's interests were substantially impaired prior to 1992 or 1994 and some of Plaintiff's interests were substantially impaired in 1992 or 1994, then you should determine the just compensation based on the different values of the land at the different times of the taking.

## _14_ Substantially Impaired

"Substantially impaired" is defined as preventing the property owner from enjoying his property such that he is deprived of all or most of his interest in the land. When there is a substantial impairment then there has been a taking.

## *15* Pre-Covenant Taking

If you find that some of Plaintiff's property interests were substantially impaired prior to the effective date of the Covenant, you must value that interest as of the date the Covenant became effective. That date being March 24, 1976.

## _16_ **Fair Market Value**

Fair market value is the highest price for the property that a willing buyer would have paid in cash to a willing seller, assuming that:

1.    There is no pressure on either one to buy or sell; and

2.    The buyer and seller know all the uses and purposes for which the property is reasonably capable of being used.

## _17_ Highest and Best Use

The fair market value of the property to be taken must be based upon factors affecting market value including the highest and best use for which the property is geographically and economically adaptable. The term, "highest and best use," means the most profitable use.

In this connection, the highest and best use is a factor to be considered to the extent that the prospect of such use affects the market value of the land.

## _18_ Value to the Parties

You should not consider any personal value of the property to Antonio S. Camacho or his need for the property. Also, you should not consider the particular need of the Commonwealth for the property. These are not elements of fair market value.

## _19_ Opinion of Witnesses as to Value

You must determine the fair market value of the subject property only from the opinions of the witnesses who have testified and the evidence that has been admitted.

While owners and expert witnesses may express opinions on the issue of value, those opinions are worth no more than the reasons and factual data upon which they are based.

Evidence which has been received from witnesses explaining the reasons for their opinions of value, and all other evidence concerning the subject property and other properties is to be considered only for the limited purpose of enabling you to understand and weigh the opinions of the witnesses regarding market value.

You must resolve any conflict in the testimony of the witnesses by weighing each opinion against the others, the reasons given for each opinion, the facts relied upon and the credibility and qualifications of each witness.

## _20_ All Elements of Value

In determining fair market value, you must consider all factors as would be considered by a prudent businessperson before purchasing the Plaintiff's property.

## 2 ᐯ Interest Rate

To be included in the Plaintiff's just compensation is the value of the land at the date of taking and an amount based on an interest rate. Because the Commonwealth did not compensate the owner at the time of taking, the Plaintiff, Antonio Camacho is owed interest. It is your duty as the jury, to determine the proper rate of interest that will make the Plaintiff, Antonio Camacho whole again.

# 22 Determine Separately

You shall determine separately each of the following:

1.   The value of Plaintiff's land on the date of the taking; and

2.   The rate of interest to be applied from the date of the taking to the present.

## 23 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 24 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## *25* USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## **26** RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## 27 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.