F I L E D
Clerk
District Court

JAN 1 0 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO, ) | Civil Action No. 05-0043 |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | ORDER DENYING MOTION |
| COMMONWEALTH OF THE ) | TO AMEND AWARD OF COSTS |
| NORTHERN MARIANA ISLANDS, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

THIS MATTER is before the court on plaintiff's January 9, 2007, motion to amend the court's December 22, 2006, order regarding costs. In the interests of conserving the resources of the court and the parties, the court will decide the motion without the necessity of a filing by defendants or a hearing.

Title 28 U.S.C. § 1920 specifies which costs are recoverable by the prevailing party. Plaintiff urges upon this court an expansive reading of § 1920, a view which

AO 72
(Rev. 08/82)

finds some limited support in the decisions of the U.S. Court of Appeals for the Ninth Circuit. *See e.g.* Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767 (9th Cir. 1988) ("We recognize that Crawford strictly limits reimbursable costs to those enumerated in § 1920. We hold only that the common meaning of the phrase 'exemplification and copies of papers' may under certain circumstances encompass illustrative materials if *necessarily* obtained for use in the case, as § 1920 requires." (emphasis in original)).

This court is constrained in the awarding of costs by the decision of the United States Supreme Court in Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494 (1987). There, the Court, in refusing to accept the argument that § 1920 does not preclude taxation of costs above and beyond the items listed, stated that the discretion to award costs afforded judges by Fed.R.Civ.P. 54(d) is limited by the specific terms of 28 U.S.C. § 1920: "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). * * * It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of a prevailing party."

While the charts and diagrams prepared for use by plaintiff were undeniably useful in the presentation of his case, the court does not believe it can characterize them as *necessary* for use in the trial. Accordingly, plaintiff's motion to amend the bill

of costs is denied and the sum of $1,352.50 previously awarded in an exercise of this court's discretion under Fed.R.Civ.P. 54(d) shall remain unchanged.

DATED this 10th day of January, 2007.

_____
ALEX R. MUNSON
Judge