MATTHEW T. GREGORY  # F0205
Attorney General
GREGORY BAKA  # F0199
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:     (670) 664-2341
Fax:           (670) 664-2349
E-mail:        gbaka79@yahoo.com

Attorneys for Defendant-Appellants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO, | CIVIL ACTION NO. 05-0043 |
| Plaintiff-Appellee, | |
| vs. | **CERTIFICATION UNDER NINTH CIRCUIT RULE 10-3.1(d) AND MOTION FOR APPELLEE TO PAY FOR PORTIONS OF TRANSCRIPT** |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, MARIANAS PUBLIC LANDS AUTHORITY,* successor to the Marianas Public Lands Corp., and DEPARMENT OF PUBLIC WORKS, | |
| | Hearing:    Thursday, 5 April 2007 |
| | Time: 9:00 a.m. |
| Defendant-Appellants. | Judge Hon. Alex R. Munson |

_____

\* Under N. Mar. I. Public Law 15-2, Section 101 (Feb. 22, 2006), <u>available</u> at http://www.cnmilaw.org/pdf/public_laws/15/pl15-02.pdf, most powers and duties assigned to the former Marianas Public Land Authority were assigned to its successor in interest, the Department of Public Lands (DPL).  <u>See</u> Fed. R. Civ. P. 25(c) ("action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action").

**COME NOW DEFENDANT-APPELLANTS** Commonwealth of the Northern Mariana Islands (CNMI); the former Marianas Public Lands Authority (MPLA) through its successor in interest, the Department of Public Lands (DPL); and the Department of Public Works (DPW), and hereby certify under Ninth Circuit Rule 10-3.1(d) that the portions of the transcript designated by Plaintiff-Appellee Antonio S. Camacho are unnecessary.

Accordingly, Defendant-Appellants move pursuant to Ninth Circuit Rule 10-3.1(f) and Local Rule 71.(b) that Plaintiff-Appellee Camacho pay for those unnecessary portions of the transcript he insists on including in the record.

In their docketing statement served on Plaintiff-Appellee Camacho, Defendant-Appellants set forth a statement of issues the they intend to raise on appeal, see Ninth Circuit Rule 10-3.1(a), as follows:

**"Lack of federal question jurisdiction; order granting Plaintiff's motion in limine excluding evidence."**

Accordingly, the Defendant-Appellants designated the argument on the Motion in Limine excluding evidence (where federal question jurisdiction was also addressed) and colloquy concerning jury instructions — the latter of which the Court Reporter states was all in chambers with no court record to transcribe.

Plaintiff-Appellee Antonio S. Camacho has designated for transcription the testimony of (1) himself, (2) defense appraiser Mitch Aaron, and (3) defense agency DPL Deputy Secretary Ramon Salas.

None of this testimony is necessary to the principal issues on appeal identified in the docketing statement. Whether or not there is federal question jurisdiction is a matter of law, and the facts pertaining to the value of Plaintiff-Appellee's property have nothing to

1  do with whether this type of case was properly before the Court.  Likewise, whether the
2  transcript of the administrative hearing below, tapes from that hearing, or testimony of the
3  hearing officer should have been admitted into evidence is a pure question of law and was
4  decided by the Court as such.  The portions of the record Plaintiff-Appellee seek to have
5  transcribed have no bearing on these issues.

6      Indeed, this honorable Court ruled on the Motion in Limine and jurisdictional
7  objection prior to having any of this testimony available, and thus did not rely upon it.

8      As a matter of law, the transcript portions sought by Plaintiff-Appellee are
9  "unnecessary" to resolution of the principal issues on appeal.  Accordingly, if he wishes to
10 include them in the transcript designation, as is his right, the Court should order that he pay
11 for those portions of the transcript.  See Ninth Circuit Rule 10-3.1(f).  Of course, those
12 costs could ultimately be taxed in favor of the prevailing party on appeal, but since they
13 are "unnecessary" to the decision of the discrete issues being appealed, in the first instance
14 Plaintiff-Appellee should pay for these transcripts that he wishes transcribed.

15

16     Respectfully submitted,

17     OFFICE  OF  THE  ATTORNEY  GENERAL

18     MATTHEW  T.  GREGORY  # F0205
    Attorney General

19

20 Dated:  Friday, 9 March 2007.    _____
    GREGORY  BAKA  # F0199
21     Deputy Attorney General

22     Attorneys for Defendant-Appellants CNMI,
    former MPLA (DPL), and DPW

23

24

25 n:\ . . . \gbaka\civil\land compensation\A.Camacho v. CNMI\certific'n.under.9th.Cir.R.10-3.1(d).pld.wpd

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

1. I am eighteen years of age or older, and I certify that I caused to be served the following document(s) to the last known address(es) listed below on the date(s) indicated.

**CERTIFICATION UNDER NINTH CIRCUIT RULE 10-3.1(d) AND MOTION FOR APPELLEE TO PAY FOR PORTIONS OF TRANSCRIPT; CERTIFICATE OF SERVICE**

2. As set forth below, this service was accomplished either by personal delivery; U.S. Mail; deposit with the Clerk of Court (in attorney's box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

| | |
|---|---|
| Michael W. Dotts, Esq.  # F0150<br>George L. Hasselback, Esq. #F0325<br>O'Connor, Berman, Dotts & Banes<br>Marianas Business Plaza, 2nd Floor<br>Nauru Loop, Susupe<br>P. O. Box 501969<br>Saipan, MP  96950-1969 | Attorneys for Plaintiff-Appellee<br>Tel:  (670) 234-5684<br>Fax:  (670) 234-5683<br>E-mail:  attorneys@saipan.com<br>**Via Electronic Service** |

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on Friday, 9 March 2007.

_Gregory Baka_
GREGORY BAKA  # F0199
Deputy Attorney General
Attorney for Defendants CNMI,
    former MPLA (DPL), and DPW