**MICHAEL W. DOTTS, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

*Attorneys for Plaintiff Antonio S. Camacho*

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ANTONIO S. CAMACHO** ) | CIVIL CASE NO. 05-0043 |
| ) | |
| **Plaintiff-Appellee,** ) | |
| ) | |
| vs. ) | OPPOSITION TO CERTIFICATION |
| ) | AND MOTION FOR APPELLEE TO |
| **COMMONWEALTH OF THE** ) | PAY FOR PORTIONS OF |
| **NORTHERN MARIANA ISLANDS,** ) | TRANSCRIPT AND CROSS- |
| **DEPARTMENT OF PUBLIC LANDS,** ) | MOTION FOR DISMISSAL OF |
| **successor to the Marianas Public Lands** ) | APPEAL |
| **Authority, and DEPARTMENT OF** ) | |
| **PUBLIC WORKS,** ) | Judge: Alex R. Munson |
| ) | Date : April 5, 2007 |
| **Defendants-Appellants.** ) | Time: 9:00 a.m. |
| ) | |

Plaintiff-Appellee ("Mr. Camacho"), by and through counsel, hereby offers his Opposition to Defendants-Appellants' Motion for costs of portions of the transcript. Furthermore, Mr. Camacho hereby moves this honorable Court to dismiss the Appeal filed by Defendants-Appellees ("the CNMI") with prejudice for their failure to meet deadlines set by the Deputy Clerk of the Ninth Circuit Court of Appeals in the Time Scheduling Order and general disregard for the procedure to be followed as outlined in the Ninth Circuit's Appellate rules.

1

**I. Introduction.**

On January 8, 2007, the CNMI filed their Notice of Appeal. According to 9th Cir. R. 10-3.1(a), the CNMI had ten (10) days to serve a notice upon Mr. Camacho of what (if any) portions of the transcript of the proceeding the CNMI would be ordering from the District Court Clerk of Courts. The CNMI never did so.[1]

Thereafter, Mr. Camacho was to return notice to the CNMI of what portions of the transcript (if any) he thought were necessary for the prosecution of this appeal according to 9th Cir. R. 10-3.1(b). However, since Mr. Camacho never received the initial notice from the CNMI of what portions it was going to order, he never had the opportunity to determine if the CNMI would order some, all or none of the portions that Mr. Camacho thought necessary.

Having skipped the essential initial steps in the process, on February 26, 2007, the CNMI filed and served a copy of its Transcript Designation and Ordering Form. This form was filed unilaterally, without giving Mr. Camacho any opportunity to order the portions of the transcript that he thought necessary.[2] This is very significant because under the Ninth Circuit Rules, an appellee cannot independently designate portions of the transcript. The appellee must go through the appellant. Only one form is submitted and the appellant controls that form.

---

[1] *See* Declaration of George L. Hasselback a copy of which is attached hereto as "Exhibit A" at paragraph 1.

[2] Exhibit A at paragraph 1.

Counsel for Mr. Camacho informed counsel for the CNMI of this error and suggested that the CNMI agree to file an amended Transcript Designation and Ordering Form.[3]  Counsel for the CNMI refused.[4]

Thereafter, on March 9, 2007, the CNMI further compounded its error and further departed from the 9th Circuit Rules of Appellate procedure by filing a document entitled Certification Under Ninth Circuit Rule 10-3.1(d) and Motion For Appellee To Pay For Portions Of The Transcript.  Again, Mr. Camacho has been given no opportunity to order the portions of the transcript that he deems necessary.[5]

The CNMI has ignored the Rules of Appellate Procedure, left Mr. Camacho entirely out of the process of designating portions of the transcript to be transcribed and failed to meet deadlines set by the Rules and the Time Schedule Order.  Therefore, this appeal should be dismissed with prejudice.

## II. Argument.

The CNMI has not complied with the Ninth Circuit Rules of Appellate Procedure. Additionally, when this fact was pointed out and Mr. Camacho offered to cooperate in correcting this non-compliance to no detriment of the CNMI, his offer was rebuffed and the CNMI continued in its pattern of non-compliance.  To this day, the CNMI refuses to follow the rules and therefore should not be allowed to continue to prosecute this Appeal.

---

[3] *Id*  at paragraph 3.
[4] *Id* at paragraph 3.
[5] *Id* at paragraph 4.

3

*A. This Appeal Should Be Dismissed.*

Because it has ignored both the Rules of Appeallate Procedure and the deadlines set in the Time Scheduling Order and because it has refused to take reasonable steps to correct this situation, the CNMI's appeal should be immediately dismissed with prejudice.

*1. The CNMI Has Ignored The Rules Of Appellate Procedure.*

The CNMI has completely ignore the proper procedure for certification of the record on appeal. The proper procedure for an appellant to follow is to first inform the appellee as to what, if any, sections of the trial transcript it will order from the Clerk of Courts at the District Court. 9th Cir. R. 10-3.1(a). That way, the appellee can scrutinize this list and determine if it wants to order any further sections. 9th Cir. R. 10-3.1(b). Then, the appellant orders all sections so designated by filing a single Transcript Designation and Ordering Form. 9th Cir. R. 10-3.1. Notably, there is no provision in the rules for anyone but appellant to file that form.

Here, the CNMI never notified Mr. Camacho of what portions it was to order.[6] It simply filed a Transcript Designation and Ordering Form.[7] When Mr. Camacho asked that the CNMI file an amended form, he was rebuffed and this instant Motion filed. The CNMI has not complied with the Rules and has steadfastly refused to take accountability for this failure and correct the problem. Therefore, this appeal should be dismissed.

*2. The CNMI Has Failed To Meet Deadlines Set By The Time Scheduling Order.*

---

[6] Exhibit A at 2.
[7] Exhibit A at 2.

4

If its disregard of the text of the Rules was not enough, the CNMI is in violation of the Time Scheduling Order issued by the Ninth Circuit Clerk of Court. This Order explicitly set out the deadlines by which the actions mandated by the rules were to be taken. This Order warned that "[f]ailure of the appellant to comply with the Time Schedule Order *will result in automatic dismissal of the appeal*" under "9th Cir. R. 42-1." Time Scheduling Order at 2. The CNMI missed its first deadline.[8] The appeal should be dismissed.

Furthermore, this failure prevented Mr. Camacho from having any input as to what portions of the transcript will be made part of the record. There is no mechanism for the appellee to independently order portions of the transcript. The CNMI was supposed to order all portions requested by all parties and fight about who pays for what independently. Instead, it ignored the rules and Mr. Camacho has no way to correct this error.

### 3. The CNMI Refused An Offer To Correct These Failures Short Of Dismissal.

Finally, it bears mention that the CNMI was given a chance to correct these failures without facing dismissal of its appeal. Mr. Camacho's attorneys not only informed the CNMI of its errors, but offered to allow the CNMI to correct them without seeking any sanction. Instead of taking this "no harm-no foul" offer, the CNMI persisted in its erroneous course of action and filed the instant Motion. It has ignored the rules and through what is apparently institutional hubris, refused to admit that it has made any mistake or take accountability for its actions. For the aforementioned reasons, this appeal should be dismissed immediately.

---

[8] Even though the Time Scheduling Order was not filed until two days before the first deadline, the CNMI was on notice of this deadline under the Rules and should have met it. A delay in notification to Mr. Camacho may have been warranted, or a request for an extension. However, the CNMI has done neither.

*B. Alternatively, The CNMI Should File An Amended Transcript Designation And Order Form And Should Have Costs And Attorney Fees For The Instant Motion Taxed Against It.*

If this Court is disinclined to dismiss this appeal, it should instead order that the CNMI back-up and start the process over again, but this time do it right. It should amend its Transcript Designation and Ordering Form and include the sections that Mr. Camacho has requested. Furthermore, it should not profit from the delay and expense it has forced upon Mr. Camacho by its failure to follow procedure and should pay his costs and attorney fees in this Motion.

*C. The CNMI Should Pay For All Portions Of The Transcript Requested By Mr. Camacho.*

Finally, the CNMI should pay for the portions of the transcript that have been requested by Mr. Camacho. The CNMI has offered no authority as to the assertions that it made in reaching the conclusion that these portions of the transcript were "unnecessary." First, the portions appellee seeks to include are needed with regard to the jurisdiction issue. While it is facially true that this appeal does ask whether or not there was federal question jurisdiction, the CNMI obscures the underlying question that will have to be answered and that question is weather Mr. Camacho first exhausted state procedures before proceeding to Federal Court. Second, the prevention of the Hearing Officer testifying that the CNMI also challenges will be shown to be harmless error because of who the CNMI did have testify and the subjects of their testimony assuming agruendo that it was error to prevent the Hearing Officer from testifying.

**1. Exhaustion of State Remedies Will Be In Issue**

6

That question is did Mr. Camacho exhaust his avenues for CNMI administrative relief. That question will concern what Mr. Camacho did and did not do in the course of this administrative appeal; a subject upon which he testified in trial. Additionally, the defense appraiser Mitch Aaron and DPL Deputy Secretary Ramon Salas both testified regarding the administrative appeal process through which Mr. Camacho went. This testimony will be necessary to determine the ultimate question of "did Mr. Camacho exhaust state remedies?"

**2. The Testimony of the Hearing Officer Was Unnecessary**

The Court precluded the testimony of the Hearing Officer because it was equivalent to calling a judge to explain a decision. The CNMI has appealed this ruling. The portions of the transcript that Mr. Camacho seek to have included in the record will show that the Hearing Officer's testimony was unnecessary. The CNMI was able to present the same evidence to the jury that it could have had the Hearing Officer testified. Mr. Camacho believes the decision to preclude the Hearing Officer from testifying was correct but even if it was not, the transcript portions that Mr. Camacho seeks to have included will show that an error was harmless error.

### III.  Conclusion.

This appeal should be dismissed because the CNMI has ignored the Rules of Appellate Procedure for the Ninth Circuit. This appeal should be dismissed because the CNMI has failed to meet deadlines set by the Ninth Circuit in its Time Scheduling Order. This appeal should be dismissed because the CNMI has refused to acknowledge these errors and make any corrections.

7

Alternatively, the CNMI should be made to correct its mistakes and pay Mr. Camacho his attorney fees and costs so unnecessarily incurred.

Dated: March 28, 2007

                                  Respectfully submitted,

                                  O'CONNOR BERMAN DOTTS & BANES
                                  Attorneys for Plaintiff Antonio S. Camacho

                                  By: _____/s/_____
                                       Michael W. Dotts (F0150)

\\Server\documents\1000\1600-01 Camacho\PL\draft\OppTransCosts-032607-glh.doc