MATTHEW T. GREGORY # F0205
Attorney General
GREGORY BAKA # F0199
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone: (670) 664-2341
Fax: (670) 664-2349
E-mail: gbaka79@yahoo.com

Attorneys for Defendant-Appellants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ANTONIO S. CAMACHO,<br><br>     Plaintiff-Appellee,<br><br>     vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, MARIANAS PUBLIC LANDS AUTHORITY, successor to the Marianas Public Lands Corp., and DEPARMENT OF PUBLIC WORKS,<br><br>     Defendant-Appellants. | CIVIL ACTION NO. 05-0043<br><br>**REPLY IN SUPPORT OF MOTION FOR APPELLEE TO PAY FOR PORTIONS OF TRANSCRIPT**<br><br>Hearing: Thursday, 5 April 2007<br>Time: 9:00 a.m.<br>Judge  Hon. Alex R. Munson |

**COME NOW DEFENDANT-APPELLANTS** Commonwealth of the Northern Mariana Islands (CNMI); the former Marianas Public Lands Authority (MPLA) through its successor in interest, the Department of Public Lands (DPL); and the Department of Public Works (DPW), and hereby reply in support of their Friday, 9 March 2007 motion pursuant to Ninth Circuit Rule 10-3.1(f) and Local Rule 71.(b) that Plaintiff-Appellee Camacho pay for those unnecessary portions of the transcript he insists on including in the record.

On Wednesday, 28 March 2007 Plaintiff-Appellee Camacho filed his opposition to Defendants' motion that he himself pay for those unnecessary portions of the transcript he insists on ordering. The only part of his opposition contesting whether or not his portion of the desired transcript order is "unnecessary" is set forth from page 6, line 12, to page 7 line 18½.*

In his effort to characterize why transcripts of the testimony of (1) himself, Antonio S. Camacho, (2) defense appraiser Mitch Aaron, and (3) defense agency DPL Deputy Secretary Ramon Salas are necessary, Plaintiff-Appellee resorts to an attempt to change Defendant-Appellants' issues on appeal.

## I. Lack of federal question jurisdiction

The first issue on appeal is lack of federal question jurisdiction. Def.'s Mo. at 2, line 14. In order to invoke federal question jurisdiction, "[a] right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action, and the right or immunity must be such that it will be supported if one construction or effect is given to the Constitution or laws of the United States and will be defeated if another construction or effect is given." Mosher v. City of Boulder, 225 F. Supp. 32, 34 (D. Colo. 1964) (citing Gully v. First National Bank in Meridian,

---

* The balance of Mr. Camacho's filing is argument in support of what is styled as a "Cross-Motion for Dismissal of Appeal." Although based on Defendants' real and imagined non-compliance with the Federal Rules of Appellate Procedure and Ninth Circuit Rules, his own Cross-Motion was improperly filed before this Court instead of the Court of Appeals, see Ninth Cir. R. 27-1, Advisory Committee Note 3(a), and was done without a motion to shorten time as required by Local Rule 7.1.(h).5. Likewise, his substantive opposition was filed six days beyond the Thursday, 22 March 2007 deadline imposed by Local Rule 7.1.(c).2., potentially subjecting it to non-consideration by the court, Local Rule 7.1.(i), and causing Defendants' reply to be likewise overdue. Defendants ask the Court to decide the necessity or non-necessity of the Plaintiff's transcripts on the merits.

299 U.S. 109, 112 (1936)); see also Hunter v. United Van Lines, 746 F.2d 635, 645-46 (9th Cir. 1984).

While Plaintiff-Appellee Camacho complained about lack of "due process," this issue was *not presented to the jury*. Nowhere in the Verdict Form was the jury called to make a finding about whether he had been denied due process. There was no jury instruction about due process, and certainly not one such that Plaintiff's claim would be supported if one construction or effect is given to the Constitution or laws of the United States and would be defeated if another construction or effect is given. Hence, there was no federal jurisdiction to hear the case. It was a garden variety land compensation case, about valuation and the other relevant factors, like the hundreds of others that belong in Superior Court.

Trying to avoid this fatal defect in his case, Plaintiff-Appellee Camacho seeks to transform the appeal into an argument about whether he "exhausted his local remedies." However, putting aside the fact that this issue was never presented to the jury to resolve, and that he could have appealed to the Secretary of Public Lands as his counsel did in another case involving termination of the Pagan pozzolan lease, *the exhaustion of local remedies is not "necessary" to determine whether federal question jurisdiction is properly invoked*.

As set forth above with citation to Supreme Court and Ninth Circuit precedent, the right at issue, here due process, must be such that the Complaint will be supported if one construction or effect is given to the Constitution of the United States and will be defeated if another construction or effect is given. Here, no such issue was presented to the jury whatsoever. Due process was not at issue. So there was no federal question, and no jurisdiction. Trying to create legal disputes for advisory opinions after the fact does not confer federal question jurisdiction. Hence, any testimony about how Plaintiff-Appellee

Camacho exhausted his administrative remedies is not "necessary" to the appeal in a legal sense.

## II. Exclusion of administrative record and testimony

The other issue the subject of this appeal is the "order granting Plaintiff's motion in limine excluding evidence." Def.'s Mo. at 2, line 14. An integral part of the evidence Defendant-Appellants sought to introduce was the pleadings before and the decisions of the Hearing Officer. This had evidentiary value with respect to the amount of compensation granted, at least as much as Plaintiff-Appellee Camacho's experts, and was wrongfully excluded on Plaintiff's tactical last-minute motion made without any legal authority cited in support of it.

"[W]hether the transcript of the administrative hearing below, tapes from that hearing, or testimony of the hearing officer should have been admitted into evidence is a pure question of law and was decided by the Court as such." Def.'s Mo. at 3, lines 1-4. Likewise were the administrative decision itself and any stipulations entered into by Plaintiff-Appellee Camacho's counsel, which would have been inconsistent with the value of the land argued at trial.

Plaintiff-Appellee Camacho claims the three witness transcripts are "necessary" to show that the excluded testimony and evidence would have been cumulative, and hence its exclusion harmless error. Yet the basis for their exclusion in limine was not that they would be cumulative, but that they would prove too much. The were kept out because, as counsel argued, it would be akin to having a judge testify.

This is purely a legal question. The fact that some corroborating evidence may have been available does not make a transcript of that evidence "necessary" on appeal, because Plaintiff is now trying to have it both ways. If the administrative hearing record and

testimony was kept out because it would be *too probative*, "like a judge testifying," it cannot be now argued as harmlessly erroneous because it was *not probative enough*, or no more probative than other evidence. The "harmless error" argument is legally inconsistent with the reason asserted for keeping it out in the first place.

At its core, the exclusion of the Administrative Hearing evidence and testimony was about obtaining a de novo jury trial on the land compensation issue, where due process received not a mention in jury instruction or verdict form. Since this was supposed to be a case focusing on due process, the motion in limine to exclude this evidence was too clever by half.

No amount of "corroborating" evidence will cure the legal defects of Plaintiff-Appellee Camacho's ill-crafted motion in limine.

As a matter of law, the harmless error doctrine is unnecessary to resolution of the issues raised on appeal.

### III. Cost of transcript preparation

> As a matter of law, the transcript portions sought by Plaintiff-Appellee are "unnecessary" to resolution of the principal issues on appeal. Accordingly, if he wishes to include them in the transcript designation, as is his right, the Court should order that he pay for those portions of the transcript. See Ninth Circuit Rule 10-3.1(f). *Of course, those costs could ultimately be taxed in favor of the prevailing party on appeal*, but since they are "unnecessary" to the decision of the discrete issues being appealed, *in the first instance Plaintiff-Appellee should pay for these transcripts* that he wishes transcribed.

Def.'s Mo. at 3, lines 8-14 (emphasis added). In the e-mail exchange that led to this motion, and in the declaration of counsel, Decl. para 3 ("Opposing counsel responded by asserting that each party is to bear the costs of the portions of the transcript that they desire. Counsel refused to file an amended Form."), of Plaintiff-Appellee Camacho appears to conflate costs recoverable after prevailing on appeal with the express provisions

5

of Ninth Circuit Rule 10-3.1(f) that provide for this Court to determine whether disputed transcripts are "necessary" for the appeal or not and thus to decide <u>who should pay for them in the first instance</u>. Plaintiff-Appellee compounds his confusion by seeking "costs and attorney fees in this Motion." Pl.'s Opp. at 6, lines 9-10.

As with the misguided motion in limine that is the subject of this appeal, Plaintiff-Appellee Camacho cites no authority whatsoever in support of his latter motion, which is similarly not properly noticed, and stands on the same infirm footing as the unsupportable "Cross-Motion for Dismissal of Appeal" that wastes so many of the Court's electrons and so much of its time. Fortunately for him, Defendant-Appellants are disinclined to waste further resources on a reciprocal motion.

### IV. Conclusion

Under Ninth Circuit Rule 10-3.1(f), this Court must determine, in the first instance, whether the disputed transcripts are "necessary" to the appeal, and thus who should pay for them now. [Ultimately they would be taxable as costs by the prevailing party in the appeal as a whole, if that party is ordered to pay now.]

The exhaustion of local remedies is not "necessary" to determine whether federal question jurisdiction is properly invoked, as a lack of due process was not presented to the jury. So there was no dispositive federal question, and no jurisdiction. <u>See</u> <u>Mosher v. City of Boulder</u>, 225 F. Supp. 32, 34 (D. Colo. 1964) (citing <u>Gully v. First National Bank in Meridian</u>, 299 U.S. 109, 112 (1936)); <u>see also</u> <u>Hunter v. United Van Lines</u>, 746 F.2d 635, 645-46 (9th Cir. 1984).

If the administrative hearing record and testimony was kept out because it would be ***too probative***, "like a judge testifying," it cannot be now argued as harmlessly erroneous because it was ***not probative enough***, or no more probative than other evidence.

1 The "harmless error" argument is legally inconsistent with the reason asserted for keeping
2 it out in the first place.
3     For both these reasons, transcripts of the testimony of (1) Antonio S. Camacho,
4 (2) defense appraiser Mitch Aaron, and (3) defense agency DPL Deputy Secretary Ramon
5 Salas are "unnecessary" to resolution of the issues on appeal.
6     If Plaintiff-Appellee Camacho nevertheless insists on having the three unnecessary
7 transcripts prepared, as is his right, so he can include some or all of them in his
8 Supplemental Exerpts of Record, the Court should order him to pay for them, pursuant to
9 Ninth Circuit Rule 10-3.1(f), and not Defendant-Appellants.

    Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

MATTHEW T. GREGORY  # F0205
Attorney General

Dated: Monday, 2 April 2007.

*Gregory Baka*
GREGORY BAKA  # F0199
Deputy Attorney General

Attorneys for Defendant-Appellants CNMI, former MPLA (DPL), and DPW

n:\...\gbaka\civil\land compensation\A.Camacho v. CNMI\reply.in.support.of.mo.for.appellee.to.pay.for.portions.of.xcript.pld.wpd

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

1. I am eighteen years of age or older, and I certify that I caused to be served the following document(s) to the last known address(es) listed below on the date(s) indicated.

**CERTIFICATION UNDER NINTH CIRCUIT RULE 10-3.1(d) AND MOTION FOR APPELLEE TO PAY FOR PORTIONS OF TRANSCRIPT; CERTIFICATE OF SERVICE**

2. As set forth below, this service was accomplished either by personal delivery; U.S. Mail; deposit with the Clerk of Court (in attorney's box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

| | |
|---|---|
| Michael W. Dotts, Esq.  # F0150<br>George L. Hasselback, Esq. #F0325<br>O'Connor, Berman, Dotts & Banes<br>Marianas Business Plaza, 2nd Floor<br>Nauru Loop, Susupe<br>P. O. Box 501969<br>Saipan, MP  96950-1969 | Attorneys for Plaintiff-Appellee<br>Tel:  (670) 234-5684<br>Fax:  (670) 234-5683<br>E-mail:  attorneys@saipan.com<br>**Via Electronic Service** |

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on Monday, 2 April 2007.

                          *Gregory Baka*
                          GREGORY BAKA  # F0199
                          Deputy Attorney General
                          Attorney for Defendants CNMI,
                               former MPLA (DPL), and DPW