

# HOUSE OF REPRESENTATIVES
FIFTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE
FIRST REGULAR SESSION, 2006

PUBLIC LAW NO. 15-2
H. B. No. 15-57, HS1

## AN ACT

TO REPEAL EXECUTIVE ORDER 94-3 AS CODIFIED, PUBLIC LAWS 10-57, 12-33, AND 12-71 TO THE EXTENT THEY ARE APPLICABLE TO PUBLIC LANDS; TO CREATE THE DEPARTMENT OF PUBLIC LANDS WITHIN THE EXECUTIVE BRANCH; TO TRANSFER THE OBLIGATIONS AND RESPONSIBILITIES OF THE MARIANAS PUBLIC LANDS AUTHORITY TO THE DEPARTMENT OF PUBLIC LANDS, AND FOR OTHER PURPOSES.

BE IT ENACTED BY THE FIFTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

**Section 1. Short Title.** This Act may be cited as the "Public Lands Act of 2006".

**Section 2. Legislative Findings and Declaration of Policy.** The purpose of this Act is to transfer the obligations and responsibilities of the Marianas Public Lands Authority to the elected legislative and executive officials of the Commonwealth. The Legislature has concluded that this Act is necessary based upon the following findings:

(a) Art. XI section 4 (f) of the Constitution, as amended in 1985, provides that the functions previously performed by the Marianas Public Land Corporation "shall be transferred to the executive branch of government" after its dissolution. The Marianas Public Lands Authority in its current structure as an autonomous agency outside the executive branch fails to comply with this constitutional mandate.

(b) The Commonwealth's experience with the management of public lands over the years has demonstrated the need for additional controls to ensure that this valuable resource is administered in compliance with the requirements and fiduciary duties imposed by the Constitution.

**Section 3. Repeal.** Public Laws 10-57, 12-33, and 12-71 to the extent they are applicable to public lands, are hereby repealed and re-enacted as a new Article 3 under Title 1, Chapter 13, as follows:

"Section 101. <u>The Department of Public Lands</u>. The Department of Public Lands is hereby established within the Executive Branch to manage and administer the Commonwealth's public lands under the provisions of Article XI of the Constitution. Except as provided in this act, all powers and duties assigned to the Marianas Public Lands Authority by existing statute shall be assigned to the Department of Public Lands (hereafter "the Department").

Section 102. <u>The Secretary</u>. The Department shall be headed by a Secretary to be appointed by the Governor with the advice and consent of the Senate. The Secretary shall be a person of Northern Marianas descent as defined by Article XII of the Constitution. The Secretary shall have experience and credentials appropriate to the position. The Secretary serves at the pleasure of the Governor, shall be held to strict standards of fiduciary care, and may be removed for any reason.

Section 103. <u>Powers and Duties of Department of Public Lands</u>.

(a) The Department shall be responsible for the administration, use, leasing, development, and disposition of all those lands defined as public lands by N.M.I. Const. art. XI, § 1 or any other provision of law, subject to the provisions of this chapter and except as limited by transfers of freehold interests to individuals, entities, or other government agencies. The Department's authority does not extend to the issuance of land use permits and licenses, except as specifically provided for in this Act, and does not limit in any respect the authority of other Commonwealth agencies to issue permits and licenses pursuant to their respective enabling legislation.

(b) The Department shall submit each year a proposed annual budget for the next fiscal year in accord with the budgeting and planning procedures applicable to all departments of the Executive Branch. Within its proposed budget, the Department shall itemize all personnel, travel, and other expenses for the fiscal year in question; the sums required to be expended during the year with respect to its leasing responsibilities and the homestead program; sums required to be held in

PUBLIC LAW NO. 15-2
HOUSE BILL NO. 15-57, HS1

reserve for approved homesteads or other Department programs in the next two fiscal years; a detailed statement of all other Department assets, liabilities, revenues and expenditures; and the estimated sum to be transferred at the end of the fiscal year to the Marianas Public Land Trust.

(c) There is hereby established a fund to be known as the "DPL Operations Fund" which shall be maintained by the Department of Finance. The bank account(s) for the DPL Operations Fund shall be separate and apart from the General Fund Bank Account(s) and other funds of the Commonwealth Government. All records and accounts shall be maintained in connection herewith.

(1) All revenues received by the Department, from whatever source shall be deposited in the DPL Operations Fund bank account(s) in banks located in the Commonwealth that are insured by the FDIC.

(2) All appropriations by the Commonwealth shall be allotted for authorized disbursement of expenditures as approved in the budget.

(3) All debts, liabilities, obligations and operational expenses of the Department shall be paid from the DPL Operations Fund bank account(s).

(4) No expenditures not included in the approved budget, and no debt, obligation, or liability shall be incurred or created in any fiscal year, in excess of the amounts specified therein for each purpose.

(5) The expenditure authority of all funds collected by the Department or appropriated to the Department by the Commonwealth shall be the Secretary of the Department, or designee.

Section 104. <u>Advisory Board to the Secretary</u>.

(a) There shall be established a Public Lands Advisory Board comprised of five members appointed as follows:

(1) One resident of the First Senatorial District appointed by the Mayor of Rota with the advice and consent of the Rota Municipal Council. This

1  member serves at the pleasure of the Mayor of Rota, shall be held to strict
2  standards of fiduciary care, and may be removed by the Mayor for any reason;
3  (2) One resident of the Second Senatorial District appointed by the
4  Mayor of Tinian with the advice and consent of the Tinian Municipal Council
5  This member serves at the pleasure of the Mayor of Tinian, shall be held to
6  strict standards of fiduciary care, and may be removed by the Mayor for any
7  reason;
8  (3) One resident of the Third Senatorial District appointed by the
9  Mayor of Saipan with the advice and consent of the Saipan and Northern
10 Islands Municipal Council. This member serves at the pleasure of the Mayor
11 of Saipan, shall be held to strict standards of fiduciary care, and may be
12 removed by the Mayor for any reason;
13 (4) One resident of the Third Senatorial District appointed by the
14 Mayor of the Northern Islands with the advice and consent of the Saipan and
15 Northern Islands Municipal Council. This member serves at the pleasure of
16 the Mayor of the Northern Islands, shall be held to strict standards of fiduciary
17 care, and may be removed by the Mayor for any reason;
18 (5) One resident of the Commonwealth at large to be selected by the
19 Governor. This member serves at the pleasure of the Governor, shall be held
20 to strict standards of fiduciary care, and may be removed by the Governor for
21 any reason.
22 (b)    Each Member shall be a citizen of the United States and a resident of
23 the Commonwealth for at least five years immediately prior to taking office, shall
24 have at least five years of government or management experience, shall not have been
25 convicted of a crime, with the exception of misdemeanor traffic violations, shall have
26 working knowledge and experience of land use practices, customs and traditions in
27 the Commonwealth and be able to speak English and Chamorro or English and

Carolinian, and shall be a person of Northern Marianas descent as defined by the Constitution. Each Member shall be appointed for a two-year term without limitation as to the number of terms served.

(c)   The Secretary shall organize meetings of the Advisory Board as needed, but at least once a month, and shall prepare and submit by ten (10) days advance notice, an agenda for the Board's consideration and/or vote, which shall include subjects proposed by the Members. Members of the Advisory Board shall not be compensated by honorarium or otherwise but shall be reimbursed for their travel expense at the prevailing per diem prescribed by the Department of Finance.

(d)   Failure of an Advisory Board member to attend any three (3) Board meetings shall result in dismissal from the Advisory Board.

(e)   Any Advisory Board member convicted of a crime during their term(s) of service, barring misdemeanor traffic violations, shall be dismissed from the Advisory Board.

Section 105. Public Lands: Fundamental Policies.

(a)   The Department shall follow the fundamental policies set forth in this section in the performance of its responsibilities.

(b)   The Department shall make available some portion of the public lands for a homestead program. A person is not eligible for more than one agricultural and one village homestead. A person shall receive a freehold interest in a homestead that the person has met or complied with all the requirements, terms and conditions of the homestead permit. In the case of a village homestead, a person shall receive a freehold interest in the homestead upon approval by the Department when a habitable dwelling has been constructed on the homestead. A person may not transfer a freehold interest in a homestead for 10 years after receipt except that these requirements are waived for persons who have established a continuous use of public lands for at least 15 years as of the effective date of the Constitution. Upon receiving a homestead

1  permit, the permittee may mortgage the land provided that all funds received from the
2  mortgage shall be devoted to the improvement of the land.
3      (c) The Department may not transfer a leasehold interest in public lands
4  that exceeds twenty-five years including renewal rights. An extension of not more
5  than fifteen years may be given upon approval of three-fourths of the members of the
6  Legislature sitting in joint session.
7      (d) The Department may not transfer an interest in more than five hectares
8  of public land for use for commercial purposes without approval of the Legislature in
9  a joint session. The Department may not transfer an interest in less than five hectares
10  of public land for use for commercial purposes to a holder of an interest in contiguous
11  or adjoining public land if the combination of the interests in public land would be
12  more than five hectares, without recommendation by the Advisory Board to the
13  Legislature, and approval of the Legislature in a joint session. The Department may
14  not approve a sublease, assignment, or transfer of any interest in public land for use
15  for commercial purposes to a holder of an interest in contiguous or adjoining public
16  land if the combination of the interests in public land would be more than five
17  hectares, approval of the Legislature in a joint session. The term "holder of interest"
18  as used herein shall be broadly construed to include all real parties in interest.
19      (e) The Department may not transfer an interest, and may prohibit the
20  erection of any permanent structure, in public lands located within 150 feet of the
21  high water mark of a sandy beach, except that the Department may authorize the
22  construction of facilities for public purposes.
23      (f) No later than one year after the Effective Date of this Act, the
24  Department shall adopt and promulgate a comprehensive land use plan with respect to
25  public lands. During development of the plan, the Secretary shall report the substance
26  and the progress of the Comprehensive Land Use Plan to the Advisory Board, and
27  regularly keeping them up to date. Before approving the plan, the Secretary shall

consult with the Advisory Board. This plan may be amended as appropriate, and shall be updated every five (5) years, shall be consistent with comprehensive land use plans and zoning laws approved for each Senatorial District, and shall be developed in consultation, coordination and cooperation with other permitting, development, zoning, and land management agencies. The Plan shall have the following objectives and components:

 (1) Coordinate use and development of public lands with the plans, programs, and requirements of other Commonwealth agencies;

 (2) Identify all public lands and priority of uses;

 (3) Identify and reserve suitable lands for homesteads;

 (4) Identify and reserve lands that contain resources critical to the Commonwealth, such as but not limited to, springs suitable for producing potable water, groundwater aquifers that need protection, potential sites of municipal quarries, current and future sites for government buildings, habitat mitigation areas, wetlands, prime public recreation areas, potential school sites, potential hospital sites, and potential transportation corridors;

 (5) Identify and reserve lands that should be made available to private developers for generation of revenue;

 (6) Identify lands that should be made available for exchange in order to improve the manageability and value of the public land holdings and other public purposes such as the acquisition of rights of way; and

 (7) Identify lands that need special handling due to the presence of hazardous materials, dangerous structures, or other special circumstances.

 (8) Encompass all the lands of the Commonwealth of the Northern Mariana Islands.

  (g) Public lands transferred to other government agencies that are not in compliance with the specific non-commercial use approved by Department of Public Lands will revert to back to the authority of the department.

  Section 106. <u>Public Lands: Additional Policies and Procedures.</u>

  (a) The Department may not amend or otherwise make any substantive changes in the terms and conditions of a lease subject to Legislative approval of the amendment or change in the same manner as required for the original approval. "Lease" includes all extensions thereof.

  (b) (1) Prior to the execution of any lease of public land for use for commercial purposes, the Department shall give at least 15 days public notice of its intended action and shall afford all interested persons reasonable opportunity to submit data, views, or arguments in writing and shall accept from interested persons alternative proposals for lease of the public land which is the subject of the intended action; provided, that the Department need not accept alternative proposals if alternative proposals have previously been solicited by public notice captioned "Request for Proposals to Lease Public Land. Notice shall be by publication at least eight times during two consecutive weeks in a newspaper of general circulation in the Commonwealth and by posting in convenient places in the civic center and in local government offices in each senatorial district, and shall be in the English, Chamorro, and Carolinian languages. The notice shall be captioned "Notice of Proposed Lease of Public Land" and shall contain at a minimum the following:

   (i) A description of the property, including the location in terms making it readily identifiable by the general public;

   (ii) The proposed lessee, and if the proposed lessee is not a natural person, the names of the officers, directors, and principal shareholders or members of the proposed lessee, and including all real parties in interest;

(iii)   The names of any agents, representatives, or attorneys involved in negotiating the lease on behalf of the proposed lessee;

(iv)   A concise statement of the terms and conditions of the proposed lease and information where a complete copy of the proposed lease and any alternative proposals may be obtained without charge at any time during normal working hours;

(v)   Identification of all alternative proposals received pursuant to a Request for Proposals to Lease Public Land for lease of all or any part of the public land covered by the proposed lease; and

(vi)   The time when, the place where, and the manner in which interested persons may present their views or proposals.

(2) The requirements of subsection (b)(1) of this section are in addition to, and not in lieu of, any requirements imposed by other law.

(3) With respect to any lease requiring legislative approval, the notice required by this subsection (b) of this section shall be completed prior to submission of the proposed lease to the Legislature.

(4) The Department is not required to give additional notice of any proposed lease which is substantially the same as a proposed lease for which notice has previously been given during the nine months immediately preceding execution; and further, the Legislature may by joint resolution waive the requirements of this subsection (b) of this section with respect to any lease for which notice has previously been given during such period.

Section 107. Public Lands: Lease Enforcement and Other Requirements.

(a)   The Department shall strictly enforce all terms of every lease and all requirements imposed as a condition of legislative approval of a lease or lease extension under Section 105.

    (b)    The Department shall promptly incorporate all requirements imposed as a condition of Legislative approval of a lease or lease extension into the affected lease documents either prior to execution thereof by the parties, by amendment thereto, or by execution of a new lease agreement superseding the original.

    (c)    The Department shall develop administrative policies, procedures, and controls related to public land, which shall ensure that:

(1) Public land exchanged for private land is of comparable value and current land valuations are used in all land exchanges;

(2) Public land is utilized in an efficient and objective manner;

(3) Rental income from public land is based on appraised fair market value and actually computed and collected on that basis; provided, that the Department shall, within the limits set by fiduciary duty and the provisions of this chapter, have discretion in negotiating basic rentals and taking into account changing economic conditions and other relevant factors;

(4) Records documenting the basis of rental computations for public land leases are maintained by the Department;

(5) All rental amounts payable under all lease agreements are fully assessed;

(6) All financial documents required under lease agreements are provided and all rental calculations by lessees are checked for accuracy;

(7) Lease rental payments are collected when due or timely pursuit of default provisions of the lease agreement is made; and

(8) Procedures are established for the regular appraisal of all public lands leased for commercial purposes, which ensure that the fair market value basis for computation of minimum annual rental payments for any given lease is updated no less frequently than every five years

PUBLIC LAW NO. 15-2  
HOUSE BILL NO. 15-57, HS1

1      (d) The Department shall develop and maintain a land records system utilizing current technology. Maps of public lands shall be maintained in a Geographic Information System (GIS) that is compatible with GIS data being collected by other agencies. The land records system and maps will be made available to the public.

    Section 108. <u>Homesteads</u>. The Department shall assess the demand for homesteads and develop a program for meeting that need, to the extent practicable, within the available land base. Before adopting any such homestead program the Secretary shall consult with the Advisory Board.

    (a) The Department shall explore the use of innovative patterns of layout for lots, buildings, streets, and common areas in order to maximize livability for residents, improve pedestrian mobility, encourage a feeling of community, improve public safety, and reduce the maintenance cost of utilities, roads, and other infrastructure.

    (b) When subdividing or developing property for homesteads, the Department shall consult and coordinate, early in the planning process with all appropriate regulatory agencies and arrange for compliance with coastal resources management, environmental quality, historic preservation, endangered species, zoning and other permit requirements.

    (c) The Department shall plan in coordination with all appropriate regulatory agencies, for all necessary infrastructure, such as sewage collection and treatment, storm water management, recreation areas, pedestrian ways, and common areas.

    (d) Where appropriate, public rights-of-way shall be reserved to assure that maintenance crews have adequate access to infrastructure.

    Section 109. <u>Audit</u>. The Public Auditor shall audit the operations, books, and records of the Department at least annually and in accordance with 1 CMC § 7710(a)

and 1 CMC § 2301 *et seq*. The report of the audit shall be transmitted to the Secretary, the Advisory Board, the Governor, the Speaker of the Commonwealth House of Representatives, and the President of the Senate. If the Public Auditor does not complete an annual audit within three months of the close of the fiscal year, the Department shall immediately engage a certified public accountant for that purpose."

**Section 4. Global Amendment.** Any reference to the Marianas Public Lands Corporation, Division of Public Lands, Office of Public Lands or the Marianas Public Lands Authority in the Commonwealth Code is hereby amended to read "Department of Public Lands."

**Section 5. Transition.** Upon the Effective Date of this Act, the terms of the existing Board of Directors for the Marianas Public Lands Authority shall be terminated, and the Commissioner shall report to the Governor or his designee until the Secretary of Public Lands is appointed. All property, funds, equipment, supplies, and personnel of the Marianas Public Lands Authority under PL 10-57, 12-33, and 12-71 as amended, are transferred to the Department of Public Lands upon the Effective Date. Within 120 days after the Effective Date of this Act, the Secretary of the Department, in consultation with the Office of Personnel Management, shall take appropriate actions to ensure that all Department employees are subject to the provisions of PL 7-31.

**Section 6. Severability.** If any provision of this Act or the application of any such provision to any person or circumstance should be held invalid by a court of competent jurisdiction, the remainder of this Act or the application of its provisions to persons or circumstances other than those to which it is held invalid shall not be affected thereby.

**Section 7. Savings Clause.** This Act and any repealer contained herein shall not be construed as affecting any lawful existing right acquired under contract or acquired under statutes repealed or under any rule, regulation, or order adopted under the statutes. Repealers contained in this Act shall not affect any proceeding instituted under or pursuant to prior law. The enactment of this Act shall not have the effect of terminating, or in any way modifying,

PUBLIC LAW NO. 15-2
HOUSE BILL NO. 15-57, HS1

1 any liability, civil or criminal, which shall already be in existence at the date this Act
2 becomes effective.
3       **Section 8. <u>Effective Date</u>.** This Act shall take effect upon its approval by the
4 Governor or upon its becoming law without such approval.

CERTIFIED BY:            ATTESTED TO BY:

_____     _____
OSCAR M. BABAUTA                  EVELYN C. FLEMING
SPEAKER OF THE HOUSE               HOUSE CLERK

APPROVED on this 22nd day of FEBRUARY, 2006

_____
BENIGNO R. FITIAL
GOVERNOR
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS