SIXTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

_____SESSION, 2008    H.B. No. **16-106**

A BILL FOR AN ACT

To reappropriate $1,877.19 from Saipan Local Law 14-31 for the payment of Small Claims No. 07-0939 and To reappropriate $10,213.00 from Saipan Local Law 14-30 for the repairs and maintenance of William S. Reyes Elementary School.

BE ENACTED BY THE SIXTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

1  **Section 1. Purpose.** The purpose of this legislation is to reappropriate $1,877.19
2  from Saipan Local Law 14-31 pursuant to the Findings of Facts and Conclusions of Law
3  issued by the CNMI Superior Court on March 25, 2008 relative to Small Claims No. 07-
4  0939, and also to reappropriate fund balance of $10,213.00 from Saipan Local 14-30 for
5  the repairs and maintenance of William S. Reyes Elementary School.
6  **Section 2. Reappropriation and Expenditure Authority.** Notwithstanding any
7  provision of law, the legislature hereby reappropriates: (a) $1,877.19 from Saipan Local
8  Law 14-31 (BU #3379A) for the payment of Small Claims No. 07-0939 as ordered by the
9  CNMI Superior Court pursuant to the Findings of Facts and Conclusions of Law dated
10  March 25, 2008 and the expenditure authority shall be the Secretary of Finance in
11  consultation with the Attorney General; (b) $10,213.00 from Saipan Local 14-30 (BU
12  3357A) to fund the repairs and maintenance of William S. Reyes Elementary School and
13  the expenditure authority is the principal of the school.
14  **Section 3. Savings Clause.** This Act and any repealer contained herein shall not
15  be construed as affecting any existing right acquired under contract or acquired under
16  statutes repealed or under any rule, regulation, or order adopted under the statute
17  Repealers contained in this Act shall not affect any proceeding instituted under

HOUSE BILL __16-106__

1  pursuant to prior law. The enactment of the Act shall not have the effect of terminating,
2  or in any way modifying, any liability, civil or criminal, which shall already be in
3  existence on the date this Act becomes effective.
4      **Section 4. Severability.** If any provision of this Act or the application of any
5  such provision to any person or circumstance should be held invalid by a court of
6  competent jurisdiction, the remainder of this Act or the application of its provisions to
7  persons or circumstances other than those to which it is held invalid shall not be affected
8  thereby.
9      **Section 5. Effective Date.** This Act shall take effect upon its approval by the
10  Governor, or becoming law without such approval.

Prefiled: 5-22-08

Date: _____    Introduced By: _____
                                            Rep. Justo S. Quitugua

Reviewed for Legal Sufficiency by:

_____
House Legal Counsel

_____
Rep. Joseph N. Camacho



# Commonwealth of the Northern Mariana Islands
# Office of the Attorney General

2nd Floor Hon. Juan A. Sablan Memorial Bldg.
Caller Box 10007, Capitol Hill
Saipan, MP 96950

Dept. & Agency Comm. **16-24**
(HOUSE)

**Attorney General/Civil Division**
Tel: (670) 664-2341
Fax: (670) 664-2349

**Criminal Division**
Tel: (670) 664-2366/2367/2368
Fax: (670) 234-7016

April 30, 2008

The Honorable Pete P. Reyes
Senate President
16th Commonwealth Legislature
P.O. Box 500129
Saipan, MP 96950

The Honorable Arnold I. Palacios
Speaker
House of Representatives
16th Commonwealth Legislature
P.O. Box 500586
Saipan, MP 96950



Subject: **Alfredo A. Gonzales and Susan DLR. Gonzales v. Commonwealth of the Northern Mariana Islands, Small Claims No. 07-0939**

Dear Senate President and Speaker:

I am attaching the Findings of Facts & Conclusions of Law issued by the court on March 25, 2008. In its conclusion the court finds that the Commonwealth owes the sum of One Thousand Eight Hundred Seventy-Seven Dollars and Nineteen Cents ($1,877.19) to plaintiffs Alfredo A. Gonzales and Susan DLR. Gonzales. The court cited 7 CMC §2205 wherein the legislature has specific appropriation of funds for this type of judgments.

At your convenience I would like to meet with you to discuss payment of the judgment as well as any other judgments against the Commonwealth.

Sincerely,

MATTHEW T. GREGORY
Attorney General

Attachment

Cc: Secretary of Finance

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALFREDO A. GONZALES AND SUSAN DLR. GONZALES, | SMALL CLAIMS NO. 07-0939 |
| Plaintiffs, | |
| vs. | FINDINGS OF FACTS & CONCLUSIONS OF LAW |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | |
| Defendant. | |

### I. INTRODUCTION

This is a simple auto-auto collision case wherein former Plaintiff Florenzo Q. Babauta sought a monetary judgment for the damages sustained by the vehicle he was operating on December 13, 2006. The vehicle that struck him is owned by the Commonwealth of the Northern Mariana Islands (CNMI) Government. This matter came before the Court for a bench trial on January 31, 2008, and March 18, 2008. Plaintiff Babauta appeared *pro se*. Defendant[1] appeared through counsel, Assistant Attorney General David Lochabay. Also present were John Cool, Esq., legal counsel for the Commonwealth Civil Service Commission and Ms. Angeline F. Sablan.

At the conclusion of the trial, the Court, having received and reviewed all the evidence, and heard the arguments of both parties, concluded that Plaintiff established the validity of the

---

[1] On January 31, 2008, the CNMI Government was substituted as the defendant in this action pursuant to Public Law 15-22, which took effect on August 3, 2006.

- 1 -

ENTERED
DATE:

1  claim for monetary damage (for the tort of negligence). However, Plaintiff Babauta is not the

2  legal owner of the damaged vehicle. Accordingly, pursuant to Rule 17(a) of the Commonwealth

3  Rules of Civil Procedure, the Court continued the matter to **March 25, 2008 at 1:30 p.m.** to

4  allow Mr. Babauta to notify the legal owners, Mr. Alfredo A. Gonzales and Ms. Susan DLR

5  Gonzales, of this Court's finding that they must ratify the commencement of this action and be

6  substituted as the real party in interest.

7  At the March 25, 2008 hearing, Mr. Babauta appeared with Mr. Alfredo A. Gonzales and

8  Ms. Susan DLR Gonzales. Also present was Assistant Attorney General David Lochabay.

## II.   FINDINGS OF FACTS

10  On December 13, 2006, Plaintiff Babauta parked the 2003 Mazda sedan bearing the

11  license plate ABX 097 at one of the parking stalls at the Tanapag Elementary School. Mr.

12  Babauta reversed the sedan safely to the middle of the parking lot driveway. However, when he

13  shifted gear to drive forward, he was stuck on right rear side of the vehicle. The operator of the

14  second car was Ms. Angeline F. Sablan, a Civil Service Commission (CSC) employee operating

15  a CSC car. She was traveling along the parking stalls but her attention was directed to her right

16  side. When she redirected her attention to the area in front of her, she saw Plaintiff's vehicle in

17  front of her. She immediately applied the brakes which caused a loud screeching sound, and

18  turned quickly to her left to avoid the car in front of her. Unfortunately, she was unable to avoid

19  the car in front of her and ended up hitting the car with her right, front side bumper. The sudden

20  braking caused and left a pair of short tire marks on the parking lot.

## III. CONCLUSIONS OF LAW

22  **A. The Proper Plaintiff under Com.R.Civ.P. 17(a).**

23  Defendant asserts that Mr. Florenzo Babauta is not the proper plaintiff in this case

24  because he does not have legal title to the car that was damaged. The vehicle, a 2003 Mazda

- 2 -

1  four-door sedan, is legally registered to Mr. Alfredo A. Gonzales, *and* Ms. Susan DLR.
2  Gonzales. Plt's Ex. 2. Mr. Gonzales is the father of Mr. Babauta's common-law wife, Ms.
3  Susan DLR Gonzales. According to Mr. Babauta, the car was purchased for his common-law
4  wife, and has since been paid off but the title has not yet been legally transferred by the
5  lienholder, Bank of Guam, or the Bureau of Motor Vehicles to his name. Mr. Babauta, however,
6  produced his common-law wife's written claim in this case. Plt's Ex. 7.
7       At the March 25, 2008 hearing, Mr. Babauta produced the original Certificate of
8  Ownership for the Mazda sedan which bore Bank of Guam's endorsement of the transfer of
9  interest to the owners, as well as a Uniform Commercial Code (UCC) statement filed with the
10 Commonwealth Recorder's Office on November 19, 2007, indicating Bank of Guam had
11 released its lien interest in the vehicle.
12      Based on these foregoing facts, this Court agrees that Mr. Babauta is not the proper
13 plaintiff. Furthermore, the Commonwealth was willing to stipulate, and Mr. Alfredo A.
14 Gonzales and Ms. Susan DLR Gonzales, agreed, that they should be substituted as the plaintiffs
15 in this case, and they willingly ratified the commencement of this action. Accordingly, without
16 objection by the Commonwealth, Alfredo A. Gonzales and Susan DLR Gonzales are hereby
17 substituted with Mr. Babauta as the plaintiff in this action as the real parties in interest.
18 **B. Who violated the Commonwealth Traffic Code?**
19      A police officer was called to the scene of the accident, and Officer Joseph Magofna
20 responded. When he arrived at the scene, the two vehicles were already moved from their
21 original point of impact because they were obstructing the flow of traffic through the parking lot.
22 The officer made his observations and interviewed the two operators of the vehicles. Officer
23 Magofna prepared a traffic crash report thereafter but did not issue a citation nor did he note any
24 vehicle code section violation. (Plt's Ex. 1, p.2) At trial, the defense argued that it was Mr.

1  Babauta who was at fault for failing to reverse his car safely, in violation of 9 CMC § 5603
2  (Parking). This Court disagrees. Title 9, Section 5251(b) of the Commonwealth Code provides
3  that "[i]n no event shall any motor vehicle be operated at a speed greater than will permit it to be
4  stopped within the assured clear distance ahead." Ms. Sablan herself testified that she was not
5  aware that Mr. Babauta was backing up because her view was blocked by a truck, and because
6  she was concerned about the adults and kids exiting the building into the parking area. She told
7  the police officer that her attention was directed to her right side, not in front of her. She may
8  have been travelling at a reasonable speed within the parking lot area, but because she was not
9  aware of the area in front of her, she could not stop in time to avoid the contact. Her failure to
10 operate her vehicle at a speed that would permit her to stop within an assured clear distance from
11 Mr. Babauta caused the collision.
12     This Court concludes that Plaintiff has met his burden of proof, by a preponderance of the
13 evidence, that the damage to the vehicle he was driving was caused by Ms. Sablan and this Court
14 finds in favor of the Plaintiff. The extent of the damage as presented by Plaintiff is also accepted
15 as true. The dent leading up to the rear passenger window was reasonably caused by the impact
16 from Ms. Sablan's vehicle as explained by the testifying officer, Officer Joseph Magofna. The
17 value of the damage amount is based on the three sets of repair estimates from three different
18 auto repair shops Mr. Babauta obained. Plt's Ex. 4A,4B,4C; 5A,5B,5C; and 6A,6B,6C. On
19 three different dates subsequent to the accident, Mr. Babauta obtained these job repair estimates
20 from the same three auto shops. To ascertain the reasonable amount to award Plaintiff, the Court
21 took the average value of the three most recent job estimates obtained on January 9, 2008, which
22 is **$1,877.19**.
23 //
24 /

## IV. CONCLUSION

Based on the foregoing, this Court concludes that the proper Plaintiffs are Mr. Alfredo A. Gonzales and Ms. Susan DLR Gonzales, and hereby substitutes them as the Plaintiffs in this case and amends the caption accordingly. Furthermore, based on the negligent acts of Ms. Sablan, this Court finds in favor of the Plaintiffs and therefore orders that Plaintiffs have judgment against the Commonwealth in the sum of $1,877.19 pursuant to 7 CMC § 2202[2]. Ordinarily, pursuant to Com.R.Civ.P. Rule 83(h), this Court inquires from the defendant, as a matter of course, how soon the amount due can be paid. However, because the defendant is the Commonwealth, the Court informed the Plaintiffs that under 7 CMC § 2205, money judgments rendered against the Commonwealth shall only be paid from funds specifically appropriated for that purpose by the legislature.

IT IS SO ORDERED this 25th day of March, 2008.

_____
RAMONA V. MANGLONA, Associate Judge

---

[2] At the hearing, the Court cited to 7 CMC § 3208 for the general rule that no costs shall be taxed against the Commonwealth. However, the Court notes that 7 CMC § 2202(b) expressly precludes court fees from being assessed against the Commonwealth in a tort liability case.

- 5 -