F I L E D
Clerk
District Court

SEP 3 0 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ANTONIO S. CAMACHO, | ) | Civil Action No. 05-0043 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING MOTION |
| COMMONWEALTH OF THE | ) | FOR WRIT OF EXECUTION |
| NORTHERN MARIANA ISLANDS, | ) | AND, IN THE ALTERNATIVE, |
| MARIANA PUBLIC LANDS | ) | FOR AN ORDER IN AID OF |
| AUTHORITY, successor to the | ) | JUDGMENT |
| Marianas Public Lands Corporation, | ) | |
| and DEPARTMENT OF PUBLIC | ) | |
| WORKS, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

THIS MATTER is before the court on plaintiff's July 24, 2008, motion for a

writ of execution or, in the alternative, for an order in aid of judgment.[1]  Plaintiff is

_____

[1]

On August 26, 2008, two days before the hearing, defendants moved for and
were granted an extension of time in which to file their opposition to plaintiff's
motion. It was filed that day and plaintiff was given until September 11, 2008, to file a
reply to the opposition. The court, in its order of August 28, 2008, indicated it would
decide the motion on the filings before it, without oral argument.

represented by his attorney, Michael W. Dotts; defendants are represented by their

attorney, Acting Commonwealth Attorney General Gregory Baka.

The question before the court is whether plaintiff may enforce, through usual

and ordinary means, the judgment that he obtained in this court against the

Commonwealth and these Commonwealth agency defendants in the face of a

Commonwealth statutory requirement that money to satisfy judgments must be

appropriated by the Commonwealth Legislature, which the Legislature has not

done.

The court answers in the affirmative, for the reasons set out below.  First, the

court will offer a brief review of the history of this dispute, from its initial stages.

As averred in plaintiff's complaint, and found by the jury to be true, the

Commonwealth government took plaintiff's real property on February 28, 1992

(Special Verdict Form ¶ 4 (Dec. 7, 2006)), for purposes of paving and widening a

road.[2]  In December of 2003, defendant Marianas Public Land Authority (through

its successor, the Marianas Public Land Corporation), pursuant to a Commonwealth

public law, made an offer to plaintiff to compensate him for the land that had been

taken almost a decade before.  The offer was rejected and an administrative appeals

---

[2]

Like the Due Process provision of the United States Constitution, which is
itself applicable within and to the Commonwealth of the Northern Mariana Islands,
the Commonwealth Constitution provides that "No person shall be deprived of life,
liberty or property without due process of law."  Art. I, § 5.

process ensued, but no decision had been issued by the time this lawsuit was filed:

December 5, 2005.  After trial, the jury returned a verdict in favor of plaintiff on

December 7, 2006, and judgment was entered the next day in the amount of

$239,397.00, plus costs in the amount of $1,352.50 pursuant to 28 U.S.C. § 1920.

Thereafter, on January 8, 2007, defendants appealed to the U.S. Court of Appeals

for the Ninth Circuit.  Defendants' appeal was dismissed on August 31, 2007, for

failure to file an opening brief.  The matter lay dormant until the instant motion was

filed.

Defendants' arguments in support of their position revolve around the theme

of due respect for the separation of powers between the three branches of

government.  They urge the court to defer to Commonwealth law and agree with

them that plaintiff has no means to enforce his judgment absent an appropriation by

the Commonwealth Legislature.

The court begins by noting that the Commonwealth statute relied upon by

defendants is limited by its very wording to judgments issued by the Commonwealth

Superior Court.  Defendants cite to Title 7, Commonwealth Code ("CMC") § 2254,

which directs that payment of judgments rendered against the Commonwealth

government pursuant to 7 CMC § 2251 are to be paid by legislative appropriation.

Title 7, CMC § 2251, "Other Actions Against the Commonwealth Government,"

provides in relevant part:

> Except as otherwise provided in article 1 of this chapter (commencing with 7 CMC § 2201), actions upon the following claims may be brought against the Commonwealth government in the Commonwealth Trial Court[3] which shall have exclusive original jurisdiction[4] thereof:
>
> &ast; &ast; &ast;
>
> (b) Any other civil action or claim against the Commonwealth government founded upon any law of this jurisdiction or any regulation issued under such law, or upon any express or implied contract with the Commonwealth government, or for liquidated or unliquidated damages in cases not sounding in tort.

Thus, the court believes it could end its discussion here. However, as recognized by both parties, there is a much broader implication to the argument made by defendants.

Defendants argue that the court must employ the balancing test which first appeared in *United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 754 (9th Cir. 1993). There, the U.S. Court of Appeals for the Ninth Circuit re-affirmed[5] that "it is

---

[3]

 Section 4 of P.L. 6-25, the "Commonwealth Judicial Reorganization Act of 1989," changed the name of the court from Commonwealth Trial Court to Commonwealth Superior Court and indicated statutory references to "Trial Court" were henceforth to be read as "Superior Court."

[4]

 Although the issue is not before the court at this time, it is unlikely that Commonwealth law could work to divest this court of any aspect of its proper jurisdiction, absent a source in the Covenant. *See* "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America," Act of Mar. 24, 1976, Pub. L. No. 94-241, 90 Stat. 263 (codified as amended at 48 U.S.C. § 1801 *et seq.* (2003)) (hereinafter "Covenant").

[5]

 *See Hillblom v. United States*, 896 F.2d 426, 429 (9th Cir. 1990) ("the authority of

solely by the Covenant that we measure the limits of Congress' legislative power" to affect the self-governance provisions of the Commonwealth.  Trying to reconcile the sovereignty of the United States expressed in Section 101 with the "right of local self-government" negotiated by the Commonwealth in Section 103, the court there concluded that it was "appropriate to balance the federal interest to be served by the legislation at issue against the degree of intrusion into the internal affairs of the CNMI."  *Id.* at 755.[6]

The balancing test used in *Richards* concerned application of a federal statute; here, it involves application of one of the most fundamental principles of both the U.S. and Commonwealth constitutions: that private property may not be taken for public purposes without just compensation being paid.  The *Richards* court held that the balancing test was to be used to insure that the respective interests on the United States (Covenant sections 101 and 105) and the Commonwealth (Covenant

---

the United States towards the CNMI arises solely under the Covenant").

[6]

It is this court's hope that the Ninth Circuit will someday re-visit the issue of its balancing test and its clarification in Section V of *De Leon Guerrero*.  The court remains convinced that the structure of the Covenant sets out the mechanism by which all federal law became applicable within and to the Commonwealth on November 3, 1986, and that that conclusion finds support in Covenant Section 105. Having this court determine the applicability of federal laws within and to the Covenant to the CNMI on a case-by-case basis places the court in the untenable position of acting in a super-legislative capacity and substituting its judgment for the procedure agreed upon by the parties to the Covenant.

AO 72
(Rev. 08/82)

section 103) would be considered by the U.S. Congress when it passed legislation affecting the Commonwealth. The instant matter does not involve Congress' legislative authority in regard to the Commonwealth, and the *Richards* balancing test is not implicated.

However, if the court were required to balance the interests of its ability to enforce validly-rendered judgments versus the right of the Commonwealth Legislature to fulfill its statutory duties, the court finds that the balance tilts overwhelmingly in favor of protecting the independence of the federal judiciary and of providing federal litigants in the Commonwealth a meaningful, timely avenue to collect judgments.[7]

The court agrees with every noble sentiment expressed by defendants in their opposition: the three branches of government should work to maintain the ever-fragile equipoise of democracy. But the failure of the Legislature to fulfill its constitutional mandate does not, cannot, and will not prevent the court from taking *all* necessary steps to ensure that its judgments are enforceable. A court that cannot enforce its judgments must forever close its doors, as it will have become nothing more than an historical curiosity.

---

[7]

Defendants' assertion that the accrual of interest suffices to protect the judgment holder until the Commonwealth Legislature deigns to act offers scant comfort to those who have held a judgment for years and years.

Plaintiff's alternative motions are hereby granted.  The court stays plaintiff from attempting to enforce the judgment until 3:30 p.m., Friday, October 24, 2008, to allow the parties to reach a mutually-agreeable method to pay the judgment.  If no agreement can be reached within that time, plaintiff may pursue the remedies sought in his motion, including a writ of execution.

DATED this 30th day of September, 2008.


_____
ALEX R. MUNSON
Judge